722 P.2d 638

**In the Matter of Charles W. RAWSON, an Attorney Admitted to Practice before the Courts of the State of New Mexico.**

**No. 15879.**

Supreme Court of New Mexico.

July 16, 1986.

Virginia A. Ferrara, Chief Disciplinary Counsel, Albuquerque, for board.

Charles W. Rawson, Melvin D. Rueckhaus, Albuquerque, for respondent.

## OPINION

PER CURIAM.

This matter came before this Court on June 25, 1986, after an evidentiary hearing on an Order to Show Cause why the probation of attorney Charles W. Rawson should not be revoked and the deferred sanction of suspension imposed. The Court reviewed the transcript and exhibits from that hearing and heard the arguments of counsel. We adopt the findings, conclusions, and recommendations of the hearing officer and revoke Rawson's probation.

On August 13, 1985, after disciplinary proceedings, conducted pursuant to NMSA 1978, Rules Governing Discipline (Repl. Pamp.1983 and Supp.1984), we adopted the findings and conclusions of the Disciplinary Board and found that Rawson had committed several acts of misconduct in violation of NMSA 1978, Code of Professional Responsibility (Repl.Pamp.1983). *See Matter of Rawson,* 24 SBB 928 (1985). At that time, we suspended Rawson from the practice of law for a period of one (1) year but deferred imposition of the sanction and placed him on probation under certain conditions pursuant to NMSA 1978, Rules Governing Discipline, Rule 11(b)(1) (Repl.Pamp. 1983). Of particular importance to this determination were conditions that Rawson meet with and satisfactorily complete instruction in trust account procedures and various areas of the law from a supervising attorney, that during his probation he deposit $17,500 plus interest with the Clerk of the District Court in Bernalillo County for possible distribution in a lawsuit pending against him (the facts of which gave rise to the disciplinary proceeding), and that he take and receive a passing grade on the Multistate Professional Responsibility Examination.

On March 19, 1986, disciplinary counsel filed with this Court a Motion for Order to Show Cause why the probation should not be revoked, alleging that Rawson was in violation of the conditions of probation noted above. On March 24, 1986, we appointed the Honorable Stanley F. Frost to serve as hearing officer and report his findings and recommendations to this Court. A hearing was held on May 1, 1986, and the hearing officer's report was filed on May 16, 1986.

The evidence clearly shows that Rawson met with his supervisor on only one occasion and thereafter ignored her letters requesting additional materials and information from him. He claims he did not respond because of his belief that his instruction was completed at the first meeting. Additionally, he felt that he was under no obligation to provide his supervisor with any information about a problem which had arisen regarding his alleged failure to account to a client for funds supposedly paid to him on behalf of the client. Because one of the conditions of Rawson's probation was that he commit no additional violations of the Code of Professional Responsibility, it was clearly within the scope of his supervisor's authority to see that Rawson resolved any new problems as quickly as possible. Only after his supervisor became tired of seeking Rawson's cooperation and resigned her appointment, did he request a meeting with her.

In addition, Rawson admits that he failed to take the Multistate Professional Responsibility Examination or deposit money with the district court.

Rawson appears to feel that the failures by him to comply with these conditions are of little importance and that this Court should overlook them. He states that he has now made arrangements to take the

Examination (although it will not be given until after his probationary period would have been concluded) and that he has always had the funds available to deposit with the district court but felt no compulsion to do so until the final moments of his period of probation.

 Rawson misunderstands the purpose of probation and his own responsibilities as an attorney on probation. By imposing probation, the Court allows the lawyer to continue to practice law while requiring him to meet certain conditions that will insure the protection of the public and assist him in understanding and meeting his ethical obligations. These conditions are not mere guidelines, as Rawson seems to assume, but are orders of this Court which are to be obeyed. A lawyer on probation should take great care to demonstrate that he appreciates his situation and diligently fulfills all of the conditions of his probation. He must not ignore the requests of his supervisor. A lawyer must not fail to comply with all of the Court's decision. He does not have the option to select which conditions he will observe nor does he have the option to decide when it is convenient for him to comply with these conditions.

The hearing officer's finding that Rawson has exhibited a cavalier attitude toward the conditions of his probation is supported by the evidence produced at the hearing. This attitude was further exhibited by Rawson's demeanor when appearing before this Court. Under the circumstances, it is clear that Rawson would not benefit from further supervision and instruction or adequately cooperate with any supervisor.

IT IS THEREFORE ORDERED that the probation of Charles W. Rawson be and hereby is revoked and that he is suspended from the practice of law for a period of one (1) year pursuant to NMSA 1978, Rules Governing Discipline, Rule 11(a)(2) (Repl. Pamp.1985) commencing on August 4, 1986. He will not be readmitted until after August 4, 1987, and then only upon a showing that he has complied with all of the previously imposed conditions of probation.

Inasmuch as he no longer has a supervisor, proof of satisfactory instruction in the areas of law noted in our previous order will be complied with by providing certificates of attendance at relevant seminars or certificates of instruction from a law professor or recognized specialist in those aspects of the law.

IT IS FURTHER ORDERED that Rawson shall file with this Court on or before August 14, 1986, evidence of his compliance with all of the requirements of NMSA 1978, Rules Governing Discipline, Rule 17 (Repl.Pamp.1985).

IT IS FURTHER ORDERED that the Clerk of the Supreme Court strike the name of Charles W. Rawson from the roll of those persons permitted to practice law in New Mexico and that this Opinion be published in the State Bar of New Mexico *News and Views* and in the *New Mexico Reports*.

Costs of this proceeding in the amount of $182.66 are assessed against Rawson and shall be paid to the Disciplinary Board on or before September 4, 1986.

IT IS SO ORDERED.