740 P.2d 1156

**In the Matter of Charles W. RAWSON, an Attorney Admitted to Practice before the Courts of the State of New Mexico.**

**No. 15897.**

Supreme Court of New Mexico.

Aug. 18, 1987.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for board.

Melvin D. Rueckhaus, Albuquerque, for respondent.

### OPINION

PER CURIAM.

This matter is before the Court pursuant to a petition for readmission filed by Charles W. Rawson, and pursuant to the Disciplinary Board's recommendation that additional discipline be imposed against Rawson. We grant the petition for readmission and adopt the recommendation of the disciplinary board that Rawson be placed on probation for a period of one year.

On August 13, 1985, after disciplinary proceedings conducted pursuant to the Rules Governing Discipline, this Court suspended Rawson from the practice of law for a period of one year, but conditionally deferred imposition of the sanction and placed him on probation. *See Matter of Rawson,* 103 N.M. 166, 704 P.2d 78 (1985). Subsequently, on July 16, 1986, Rawson was found to have violated the terms and conditions of his probation. At that time this Court revoked the probation and suspended Rawson from the practice of law for a period of one year beginning on August 4, 1986. His reinstatement was to be automatic upon a showing that he had complied with the previously imposed conditions of probation. *See Matter of Rawson,* 104 N.M. 387, 722 P.2d 638 (1986).

Prior to Rawson's suspension, additional charges of misconduct were filed against him. These charges were enumerated in a second Specification of Charges and alleged: that Rawson violated NMSA 1978, Code of Prof.Resp.Rule 5–105(A) (Repl. Pamp.1985) (now SCRA 1986, 16–107) when he accepted employment in a situation where the exercise of his professional judg-

ment on behalf of another client was likely to be adversely affected; that Rawson violated NMSA 1978, Code of Prof.Resp.Rule 2–106(A) (now SCRA 1986, 16–105) in a divorce case; that Rawson violated NMSA 1978, Code of Prof.Resp.Rule 9–102 (now SCRA 1986, 16–115) when he failed to preserve and properly account for the funds of several clients; and that Rawson violated NMSA 1978, Code of Prof.Resp.Rules 1–102(A)(6), 6–101(A)(3), 7–101(A)(1) and 7–101(A)(3) (now SCRA 1986, 16–101, 16–103 and 16–804) in his handling of the cases noted above.

At the hearing on these allegations, Rawson tendered to the hearing committee a Conditional Agreement Not to Contest and Consent to Discipline pursuant to the provisions of SCRA 1986, Rule 17–211(A). A panel of the Disciplinary Board, based upon the hearing committee's report, recommended that the Conditional Agreement be accepted and that the sanction requested in the agreement be imposed by this Court.

The misconduct alleged in the second Specification of Charges is serious. We note, however, that the alleged misconduct occurred prior to our original order of suspension in 1985, and also that Rawson has agreed to make restitution to the clients involved. It appears that the misconduct was largely the result of the same casual approach to bookkeeping and miscommunication with clients that led to Rawson's initial suspension. We are assured by Rawson that these problems have now been addressed and will not recur in the future. We note further that Rawson has attended several CLE courses, has undertaken to revise his fee agreement forms, and has (prior to his suspension) maintained his trust account in a manner satisfactory to an auditor selected by the Disciplinary Board. Rawson has also taken and passed the Multistate Professional Responsibility Examination and, by all appearances, has modified his attitude toward his professional and ethical obligations. For these reasons, we accept the recommendation of the Disciplinary Board.

IT IS THEREFORE ORDERED that Charles W. Rawson be and hereby is reinstated to the practice of law effective August 5, 1987.

IT IS FURTHER ORDERED, however, that Rawson's license to practice be suspended for an additional period of one (1) year pursuant to SCRA 1986, Rule 17–206(A)(2), but that said period of suspension be deferred and that Rawson be placed on probation under the following terms and conditions:

1. That Rawson meet regularly with his supervisor at times specified by the supervisor.

2. That Rawson demonstrate to the satisfaction of his supervisor an understanding of proper law office management, appropriate ways to avoid conflicts of interest, and what constitutes a suitable fee arrangement. To this end, Rawson will accept whatever instruction or make whatever modification in his practice that his supervisor deems necessary.

3. That Rawson not accept any case without the approval of his supervisor and except based upon a showing that no conflict of interest exists in his acceptance of the case.

4. That Rawson pay restitution to Gerald Vermillion in the amount of $756.27 as soon as possible, but in no event later than December 31, 1987.

5. That Rawson pay restitution to Trudy (Cotton) Leza in the amount of $726.22 as soon as possible, but in no event later than December 31, 1987, and, in addition, that Rawson forego any effort to collect additional monies from Ms. Leza.

IT IS FURTHER ORDERED that Thomas J. Dunn, Esq., be appointed and hereby is appointed to serve as Rawson's supervisor.

This opinion is to be published in the *State Bar of New Mexico Bar Bulletin* and in the *New Mexico Reports.* Costs of this action in the amount of $485.56 are assessed against Rawson and must be paid to the Disciplinary Board on or before December 31, 1987.

IT IS SO ORDERED.