788 P.2d 372

**In the Matter of Richard E. NORTON, Esq. An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 18972.**

Supreme Court of New Mexico.

March 15, 1990.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, for Board.

Richard E. Norton, Corrales, pro se.

## OPINION

PER CURIAM.

This matter is before the court following disciplinary proceedings conducted pursuant to the Rules Governing Discipline, SCRA 1986, 17–101 through 17–316 (Repl. Pamp.1988 & Supp.1989), wherein attorney Richard E. Norton, in accordance with an agreement for discipline by consent, admitted to various violations of the Rules of Professional Conduct, SCRA 1986, 16–101 through 16–805 (Repl.Pamp.1988). Pursuant to Rule 17–211(B)(1)(a), we approve and adopt the Disciplinary Board's acceptance of the Conditional Agreement for Discipline by Consent filed in this matter.

The Specification of Charges filed in these proceedings contained separate counts in connection with two unrelated matters. As to Count II of the charges, involving Norton's representation as a court-appointed attorney for the Receivership of Guaranteed Equities, Inc., Norton admitted violations of Rules 16–102(A), 16–109(A), and 16–304(C), and consented to the Disciplinary Board's issuance of a formal reprimand concerning those violations. Accordingly, the factual basis for such violations will be set out in the formal reprimand rather than in the present opinion.

█ Count I of the charges involved Norton's purchase and subsequent sale of real estate in a personal business matter wherein the misconduct did not involve a client. Norton admitted violations of Rules 16–804(C), (D) and (H), and consented to his suspension from the practice of law for a definite period of one year on condition that such suspension be deferred pursuant to Rule 17–206(B)(1) under certain terms and conditions.

The facts which Norton admitted and which are the basis for the Conditional Agreement began with his purchase of four acres of land in March of 1985 from Otis and Ruth Morrow pursuant to a real estate contract. As a condition to obtaining a release of the first acre, the contract required a payment sufficient to pay off underlying real estate contracts and thereafter, for each additional one-acre release, a cash payment to the Morrows of $25,000.

During December of 1985, Norton transferred his interest in the Morrow/Norton contract sufficient to pay off the underlying contracts on this property. Norton then sold one acre to Cheri Eicher during January of 1986 under a real estate contract which was escrowed at Plaza National Bank.

During December of 1987, Eicher refinanced the acre by paying off the Norton/Eicher contract and placing a new mortgage on the property. In order to expedite the Eicher transaction, the Morrows executed and delivered partial releases for each of the remaining acres under the Morrow/Norton contract to Southwest Escrow. One of the partial releases was for the Eicher tract, and Southwest Escrow

delivered this to Rio Rancho Title with instructions to apply $26,397.23 of the proceeds to the Morrow/Norton contract in consideration for the release. The Morrows were to receive $25,000 of that amount. Norton was aware of this fact.

The Eicher transaction was closed at Rio Rancho Title, and the funds were delivered to Plaza National Bank (escrow agent for the Norton/Eicher contract) for the purpose of paying off the contract and obtaining the escrowed warranty deed from Norton to Eicher. The funds, however, instead were given directly to Norton by Plaza National Bank personnel, and he placed the money in his children's trust. Norton acknowledged the mistake to counsel for Eicher and the president of Rio Rancho Title, who both demanded that he withdraw the money from his children's trust and properly channel it to the Morrows. Norton refused to rectify the error.

Pursuant to Rule 17–304(B)(1), the Disciplinary Board referred the matter to the prosecutorial authorities in the criminal justice system. During September of 1989, just prior to commencement of grand jury proceedings, Norton agreed to make full and complete restitution to the Morrows in exchange for the agreement of the District Attorney's Office in Sandoval County, not to pursue criminal prosecution. Norton made full restitution in October 1989.

Norton has contended that his refusal to channel the money to the Morrows resulted from a long-term unsatisfactory relationship between himself and Plaza National Bank. He also has insisted that he would not have taken advantage of the error that resulted in his receipt of the Morrow's money if he did not know that the Morrows' property was secured. He further stated that in retrospect he realized he improperly had dragged the Morrows and Cheri Eicher into the dispute between himself and the bank.

■ By keeping money that erroneously was given to him and then refusing to respond to demands that he properly channel the funds, Norton's conduct creates doubt as to his fitness to practice law. The fact that actions and omissions at issue occurred outside the scope of Norton's professional capacity as a lawyer is immaterial. Rule 17–205 directs any attorney who is licensed by this Court "to conduct himself at all times, both professionally and personally, in conformity with standards imposed upon members of the bar." Acts or omissions which violate the Rules of Professional Conduct provide grounds for discipline "whether or not the act occurred in the course of an attorney client relationship." *See In re Nails,* 105 N.M. 89, 728 P.2d 840 (1986) (paying bill with insufficient funds check and thereafter failing to make efforts to pay bill).

We agree that Norton's conduct is violative of Rules 16–804(C), (D), and (H). We note Norton's lack of any disciplinary record during his fifteen (15) years of practice as worthy of consideration and trust that the misconduct addressed herein will not be repeated in his capacities as both a lawyer and a person who should be trustworthy in all his affairs.

NOW THEREFORE, IT IS ORDERED that with regard to Count I, Richard E. Norton be suspended from the practice of law for a definite period of one year but that such suspension be deferred pursuant to SCRA 1986, 17–206(B)(1), under the following terms and conditions:

a) That he be placed on probation for a period of one year under the supervision of Thomas L. Popejoy, Esq.;

b) That he not violate any of the Rules of Professional Conduct during this probationary period;

c) That he give his full cooperation and assistance to the disciplinary authorities pursuant to SCRA 1986, 16–803(D), during this probationary period;

d) That he take and pass the Multistate Professional Responsibility Examination during this probationary period;

e) That he pay the Morrows additional interest of $2,625.00 by June 15, 1990 for the time the $25,000 was delivered to him until the time it was repaid; and

f) That he pay the legal fees of $250 by June 15, 1990 incurred by Ms. Eicher as a

result of his failure to refund promptly the $25,000 owed to the Morrows.

IT IS FURTHER ORDERED with regard to Count II of the charges and pursuant to SCRA 1986, 17–206(A)(5), that the Disciplinary Board issue a formal reprimand to Richard E. Norton which shall be published in the *Bar Bulletin*.

Costs in the amount of $29.40 hereby are assessed against Norton and should be paid to the Disciplinary Board no later than May 15, 1990.

IT IS SO ORDERED.