811 P.2d 573

**In the Matter of Richard E. NORTON, Esq., An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 18972.**

Supreme Court of New Mexico.

May 23, 1991.

Charles A. Wyman, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Richard E. Norton, pro se.

## OPINION

**PER CURIAM.**

This matter is before the Court following the issuance of its Order to Show Cause pursuant to Rule 17–206(G) of the Rules Governing Discipline, SCRA 1986, 17–101 to –316 (Repl.Pamp.1988 & Cum.Supp. 1990), in which attorney Richard E. Norton was ordered to show cause: (1) why he should not be held in contempt of court for violating the terms and conditions of the probation previously imposed in this matter and in an unrelated matter wherein the same terms and conditions of probation were imposed by the Disciplinary Board; and (2) why the original sanction of suspension for a definite period of one year, which was deferred pursuant to Rule 17–206(B), should not be imposed now.

The Verified Motion for Order to Show Cause, filed herein by chief disciplinary counsel pursuant to Rule 17–206(G), alleged that Norton had failed during the probationary period, which began March 15, 1990, to provide his full cooperation to disciplinary counsel and to take the Multistate Professional Responsibility Examination (MPRE).

At his appearance before the Court on May 15, 1991, as ordered, Norton acknowledged essentially that the material allegations of disciplinary counsel's verified motion were true. Therefore, we do not find it necessary to appoint a special fact finder or remand this matter to the Disciplinary Board for further proceedings. *See In re Rawson*, 104 N.M. 387, 722 P.2d 638 (1986); *In re Grenko*, 103 N.M. 521, 710 P.2d 88 (1985).

In addition, we take judicial notice that Norton failed to file with the Court any petition for reinstatement in order to be terminated from probationary status, as he was required to do on or before March 15, 1991, pursuant to Rule 17–214(G).

We take very seriously any matter wherein an attorney fails to fulfill his responsibilities to the Court and disciplinary authorities, particularly when a serious disciplinary sanction has been deferred previ-

ously and probation imposed instead. What we said in the *Rawson* matter bears repeating:

> A lawyer on probation should take great care to demonstrate that he appreciates his situation and diligently fulfills all of the conditions of his probation. * * * A lawyer must not fail to comply with all of the Court's decision. He does not have the option to select which conditions he will observe nor does he have the option to decide when it is convenient for him to comply with these conditions.

*Rawson*, 104 N.M. at 389, 722 P.2d 638.

We find that Norton's contempt of the orders contained in the Court's previous decision in this matter was inexcusable.

THEREFORE, IT IS ORDERED that the probation previously imposed in lieu of suspension be revoked and that Richard E. Norton be suspended from the practice of law for an indefinite period of time but not less than one year pursuant to Rule 17–206(A)(3), with reinstatement upon application as provided under Rule 17–214(B).

IT IS FURTHER ORDERED that all the terms and conditions of the probation previously imposed shall be preconditions of any application for reinstatement that Norton may file after a period of one year from the date of suspension now imposed, effective May 31, 1991.

IT IS FURTHER ORDERED that within ten (10) days after the effective date of his suspension Norton shall file with the Court evidence of his compliance with all the requirements of Rule 17–212 and shall serve a copy of his affidavit of compliance upon disciplinary counsel.

IT IS FURTHER ORDERED pursuant to Rule 17–206(D) that this opinion shall be published in both the *New Mexico Reports* and in the State Bar of New Mexico *Bar Bulletin* and shall be filed in the Supreme Court Clerk's office.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court shall strike the name of Richard E. Norton from the roll of those persons permitted to practice law in New Mexico.

IT IS SO ORDERED.