823 P.2d 298

**In the Matter of Richard E. NORTON An Attorney Suspended from Practice Before the Courts of the State of New Mexico.**

No. 18972.

Supreme Court of New Mexico.

Dec. 16, 1991.

Charles A. Wyman, Deputy Chief Disciplinary Counsel, Albuquerque, for Disciplinary Bd.

Charles H. Reid, Albuquerque, for respondent.

## OPINION

PER CURIAM.

This matter is before the Court on an application for leave to resign filed by Richard E. Norton pursuant to Rule 17–209 of the Rules Governing Discipline. SCRA 1986, 17–101 to –316 (Repl.Pamp.1991). For reasons set forth below, we grant the application to resign.

Norton is presently suspended from the practice of law for violating the terms and conditions of a previously imposed probation. *See In re Norton*, 112 N.M. 75, 811 P.2d 573 (1991); *In re Norton*, 109 N.M. 616, 788 P.2d 372 (1990). On May 13, 1991, prior to Norton's suspension, a specification of charges was filed against Norton alleging acts of professional misconduct in addition to those for which he was placed on probation. Norton's actions were alleged to be in violation of Rules 16–104(A), 16–105(A), 16–115(A), 16–115(B), 16–803(D), 16–804(C), and 16–804(H) of the Rules of Professional Conduct, SCRA 1986, 16–101 to –805 (Rep.Pamp.1991). Pursuant to the requirements of Rule 17–209(B), Norton submitted with his application for leave to resign a sworn, written statement admitting to the truth of these charges. In his application, which was approved by disciplinary counsel, Norton agreed that he would reimburse his former client Glenna Hartwell the amount of $5,000 plus interest and pay all costs incurred by the disciplinary board in the pending disciplinary matter. He also acknowledged that this Court might impose upon him any other conditions and terms which might be deemed necessary to insure the protection of the public, including but not limited to making the terms of his resignation a matter of public record.

This Court previously has held that disbarment rather than resignation is the appropriate sanction where the attorney has engaged in intentional misconduct involving misrepresentation and moral turpitude in the misappropriation of client funds. *In re Duffy*, 102 N.M. 524, 526, 697 P.2d 943, 945 (1985). The instant case is distinguishable from *Duffy* in two respects. First, while Norton admittedly failed to segregate and properly account for client funds, neither the allegations nor Norton's admissions establish conclusively that Norton converted any of the funds in question

to his own use. Secondly, and unlike the attorney in *Duffy*, Norton spared the disciplinary agency much time and expense by requesting permission to resign and acknowledging his wrongdoing prior to the conclusion of a hearing and the entry of findings of misconduct. *See* SCRA 1986, 17–209(A) (an attorney who is "the subject of an investigation" may resign).

We also note that Rule 17–209(E) requires that Norton may not apply for readmission to the bar of this state except with leave of this Court. In this respect, the resignation by an attorney in lieu of a full disciplinary proceeding is akin to disbarment and thus provides ample protection to the public. *See* SCRA 1986, 17–214(A) (disbarred attorney must obtain approval of this Court prior to applying for reinstatement).

THEREFORE, IT IS ORDERED that Richard E. Norton be permitted to resign from the practice of law pursuant to Rule 17–209 effective September 30, 1991, and that he may apply for readmission to practice only with the leave of this Court. Should such permission be granted, any application for readmission will be referred to the disciplinary board for proceedings under Rules 17–214(A) and 17–214(D).

IT IS FURTHER ORDERED that on or before September 30, 1992, Norton shall reimburse client Glenna Hartwell the amount of $5,000 plus interest from May 6, 1988, computed at fifteen per cent per annum.

IT IS FURTHER ORDERED that Norton will reimburse the disciplinary board its costs in the amount of $56.93 on or before September 30, 1992.

IT IS FURTHER ORDERED pursuant to Rule 17–206(D) that this opinion shall be published in the State Bar of New Mexico *Bar Bulletin* and the *New Mexico Reports*.

IT IS SO ORDERED.