In Re Petition for DISCIPLINARY ACTION AGAINST James T. SKONNORD, an Attorney at Law of the State of Minnesota.

No. C0–87–2385.

Supreme Court of Minnesota.

May 22, 1989.

ORDER

On April 11, 1989, the Director of Lawyers Professional Responsibility filed with this court a petition for disciplinary action against the Respondent James T. Skonnord. Six days later, on April 17, 1989, the Director filed a supplementary petition for disciplinary action against the Respondent. The two petitions allege a long series of neglect of client affairs, procrastination in the handling of client matters, violation of prior disciplinary probation, failing to cooperate with the Director of the Lawyers Board, issuing insufficient fund checks to courts for filing fees, omissions of communication with clients, failing to appear at court hearings, and other actions and inactions warranting public discipline. Subsequently the Respondent waived his right to answer and unconditionally admitted all the allegations in the two petitions in a stipulation entered into between himself and the Director. He also waived all rights afforded to him by Rules 14 and 15 of the Rules on Lawyer Professional Responsibility. These rights include the rights to various hearings and the right to contest any findings of any referee appointed by this court with respect to the allegations in the petition. In the stipulation the Director and the Respondent have recommended certain public discipline to this court.

The court having considered the petition, the amended petition, its May 5, 1988 order suspending the Respondent for 60 days and placing him on supervised probation for two years following his reinstatement, 422 N.W.2d 726 (1988), and the stipulation en-

tered into between the parties NOW ORDERS:

1. The Respondent James T. Skonnord is hereby indefinitely suspended from the practice of law with no leave to apply for reinstatement at any time sooner than one year from the date of this court's order and then only by accompanying his application for reinstatement evidence establishing the following:

a. That he has undergone a chemical dependency evaluation by a treatment center acceptable to the Director and has followed the recommendation of the evaluating treatment center.

b. That he has maintained total abstinence from alcohol and other mood altering chemicals, with the exception of prescription drugs used in accordance with directions of a prescribing physician who is fully advised of his chemical dependency, for a period of one full year.

c. That he has regularly attended meetings of Alcoholics Anonymous for at least 12 consecutive months prior to petitioning for reinstatement.

d. That he has had a thorough psychological evaluation consisting of an adequate psychological or other medical examination establishing that he has had no physical or psychological problems which would prevent him from practicing law competently, diligently and within the rules governing the conduct of attorneys at law.

e. That he has reimbursed all clients who have sustained financial loss as a result of his actions or inactions.

f. That he has paid to the Lawyers Professional Responsibility Board $750 in costs and $50 in disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

g. That he has complied fully with Rule 26 and 18 of the Rules on Lawyers Professional Responsibility.