823 P.2d 1275

**In the Matter of a Member of the State Bar of Arizona, Kenneth J. LINCOLN, Respondent.**

**No. SB–91–0037–D.**

Supreme Court of Arizona, En Banc.

Jan. 21, 1992.

State Bar of Arizona, Harriet L. Turney, Chief Bar Counsel by Yigael M. Cohen, Phoenix, for State Bar of Arizona.

Kenneth J. Lincoln, pro se.

## OPINION

CORCORAN, Justice.

On June 10, 1991, the Disciplinary Commission of the Supreme Court of Arizona (Commission) filed a report recommending that Respondent Kenneth J. Lincoln be disbarred from the practice of law and be ordered to pay $1,590.00 in restitution to his client, the Estate of William H. Stubbs, Jr. (Estate), as well as costs and expenses incurred by the State Bar of Arizona (State Bar) in this matter. We have jurisdiction to consider this matter pursuant to rule 53(e), Arizona Rules of the Supreme Court.

### Factual and Procedural Background

On April 11, 1990, the State Bar filed a formal complaint with a Hearing Committee (Committee) against Respondent, charging him with two counts of violating rules 42 and 51, Arizona Rules of the Supreme Court. The complaint arose out of Respondent's representation of the Estate. Count One alleged that Respondent, after being retained by the Estate in March 1987, (1) failed to competently and diligently represent the Estate's interests; (2) failed to file a Notice to Creditors in spite of the fact that Respondent represented to the Estate that this had been done; (3) failed to inform the Estate that a tax I.D. number needed to be obtained; (4) failed to prepare an inventory for estate tax purposes; (5) failed to carry out several requests made to him by the Estate; (6) failed to contact financial institutions at which Mr. Stubbs had accounts; (7) failed to contact the management company of the apartment Mr. Stubbs had rented to ask for a refund of Mr. Stubbs' prepaid rent; and (8) failed to deposit into the Estate a check in the amount of $2,676.38. In addition, Count One alleged that after the Estate terminated Respondent's services, Respondent (9) failed to promptly deliver the Estate's file to the successor attorney; and (10) failed to adequately communicate with the Estate about the status of this matter.

Count Two alleged that Respondent (11) failed to cooperate with the State Bar's investigation into this matter by failing to respond to the State Bar's requests for information on 3 separate occasions.

Based on these allegations, Respondent was charged with violating ER 1.1, 1.2, 1.3, 1.4(a), 1.15(a), 8.1(b), and 8.4(c) of rule 42, and rules 51(b) and (i), Arizona Rules of the Supreme Court.

Respondent was personally served with the complaint, but failed to file an answer. This failure constituted an admission to the complaint's allegations under rule 53(c)(1), Arizona Rules of the Supreme Court. Similarly, Respondent did not respond to the Order of Complaint Deemed Admitted or the Notice of Right to be Heard, even though he was sent a copy of each.

On September 17, 1990, the Committee held a hearing in this matter. Respondent was sent a Notice of Hearing before the hearing, but he did not appear in person or by representative. At the conclusion of the hearing, the Committee made the following findings of fact:

 The State Bar presented the testimony of Ms. Lois E. Schooley Hunt, personal representative of the Estate of William H. Stubbs, Jr., as well as five documents which were admitted into evidence as Exhibits 1–5. The Committee finds that the testimony of Ms. Hunt and the exhibits provide clear and convincing evidence in support of the factual allegations of the Complaint, Counts One and Two. Further, the Committee specifically finds, by clear and convincing evidence, that as a result of Respondent's actions, the Estate of William H. Stubbs, Jr. was damaged

a. in the amount of $300.00, representing interest lost as a result of Re-

spondent's failure to deposit a check into the estate,

b. in the amount of $365.00, representing prepaid rent which was not recovered by the estate as a result of Respondent's inaction,

c. in the amount of $300.00 for an additional bond premium incurred as a result of Respondent's delays and inaction, and

d. in the amount of $625.00 in fees and costs incurred in obtaining a substitution of counsel.

▮ The Committee finds that Respondent's conduct, as set forth in Count One, violated Rule 42, Rules of the Supreme Court, E.R. 1.1, 1.3, and 1.4(a), and as set forth in Count Two, violated Rule 42, Rules of the Supreme Court, E.R. 8.1(b) and Supreme Court Rules 51(b) and (i). The Committee further finds that violations of E.R. 1.2, 1.15(a) and 8.4(c), as alleged in Count One, were not established.

After making these factual findings, the Committee made the following statement before recommending that Respondent be disbarred:

Based upon the foregoing, if standing alone, the Committee would recommend that Respondent be suspended for a period of two years. However, the Committee found the following aggravating factors to be present ...:

a. Respondent was suspended from the practice of law by order of the Supreme Court dated November 25, 1981; [1]

b. Respondent has committed multiple ethical violations;

c. Respondent failed to cooperate with the State Bar in this matter; and

d. Respondent has substantial experience in the practice of law.

The record contained no mitigating factors to justify a reduction in the Committee's recommended sanction.

In addition, the Committee recommends that Respondent be ordered to pay restitution to the Estate of William H. Stubbs, Jr., in the amount of $1,590.00, and that he be assessed all reasonable costs and expenses incurred by the State Bar in connection with this proceeding.

On February 9, 1991, the Commission held a hearing in this matter. As in the Committee hearing, Respondent neither appeared in person nor by representative. After considering the State Bar's argument and the record, the Commission adopted the Committee's findings of fact and recommendations. Respondent did not file a notice of appeal with the Commission, so the matter was submitted to us for decision on the record filed by the Commission.

*Discussion*

A. Standard of Review

▮ In disciplinary proceedings, this court acts as an independent arbiter of both the facts and the law. *In re Neville,* 147 Ariz. 106, 108, 708 P.2d 1297, 1299 (1985). In acting as arbiter of the facts, we recognize that although we give "serious consideration to the findings ... of the Committee and Commission," *In re Pappas,* 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988), *"we* must be persuaded by clear and convincing evidence that [R]espondent committed the alleged violations." *In re Lincoln,* 165 Ariz. 233, 235, 798 P.2d 371, 373 (1990) (emphasis added), *citing* rule 54(c); *Pappas,* 159 Ariz. at 518, 768 P.2d at 1163. In acting as arbiter of the law, we give "great weight to the recommendations of the [C]ommittee and the Commission," but recognize that *"this court* ultimately is responsible for determining the appropriate sanction." *Lincoln,* 165 Ariz. at 235–36, 798 P.2d at 373–74 (emphasis added), *citing In re Neville,* 147 Ariz. at 115, 708 P.2d at 1306.

[*In re Lincoln,* 165 Ariz. 233, 798 P.2d 371 (1990).] The September 18, 1990 suspension was not considered by the Committee in making its recommendation. [Footnote by the Committee.]

1. The hearing and the Committee's deliberations in the present proceedings were conducted and concluded on September 17, 1990. On September 18, 1990, the Supreme Court suspended Respondent from the practice of law for a period of 9 months [based on unrelated violations].

## B. Respondent's Violations

■ After reviewing the record, we find, by clear and convincing evidence, that Respondent did in fact commit the violations alleged in the complaint and found by the Committee and adopted by the Commission. We adopt the Commission's findings not only because the allegations in the complaint are deemed admitted pursuant to rule 53(c)(1), but also because of the testimony and exhibits in the record. The undisputed testimony of Ms. Hunt and the exhibits offered into evidence by the State Bar and accepted by the Committee clearly and convincingly support the allegations in the complaint and the Committee's findings as set forth above.

## C. Sanctions

■ In determining the appropriate sanction, we are guided by the principle that "the purpose of bar discipline is not to punish the lawyer but to deter others and protect the public." *In re Kersting*, 151 Ariz. 171, 179, 726 P.2d 587, 595 (1986). The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) also aids our determination. *In re Morris*, 164 Ariz. 391, 393, 793 P.2d 544, 546 (1990). The *Standards* provide that a court should consider the following factors in determining the appropriate sanction: (1) the duty violated; (2) the lawyer's mental state; (3) the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of aggravating or mitigating factors. *Standard* 3.0.

■ Respondent violated not only ethical duties owed to the Estate, but he also violated ethical duties owed to the legal system. We also note that even though the record does not indicate that Respondent's neglect was the product of a dishonest or selfish motive, Respondent's neglect did in fact injure the Estate. Finally, we have reviewed the record for factors weighing in favor of reducing Respondent's sanction. We have found none. On the other hand, we find Respondent's prior discipline, his failure to cooperate in this matter, and his substantial experience in the practice of law to be aggravating factors.

Having found by clear and convincing evidence that Respondent violated ethical duties owed both to the Estate, which in fact injured the Estate, and to the legal system, and having found no mitigating factors to offset the numerous aggravating factors present in this matter, we agree with the Commission's recommendation that Respondent be disbarred from the practice of law and ordered to pay restitution to the Estate in the amount of $1,590.00, as well as the costs and expenses incurred by the State Bar in this matter. *See Standard* 4.41(b) ("Disbarment is generally appropriate when ... a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client...."); 6.21 ("Disbarment is generally appropriate when a lawyer knowingly violates a court ... rule with the intent to obtain a benefit for the lawyer ..., and causes serious injury or potentially serious injury to a party, or causes serious or potentially serious interference with a legal proceeding.").

### Disposition

Respondent is disbarred and ordered to pay the Estate $1,590.00, and to pay the State Bar the amount of $748.40 for costs and expenses incurred in this matter.

FELDMAN, C.J., MOELLER, V.C.J., CAMERON, J., and FRANK X. GORDON, Jr., J. (Retired), concur.