862 P.2d 865

**In the Matter of a Suspended Member of the State Bar of Arizona, Barry S. DWYER, Respondent.**

No. SB–93–0062–D.
Comm. No. 93–0085.

Supreme Court of Arizona.

Nov. 12, 1993.

Yigael M. Cohen, State Bar Counsel.

Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **BARRY S. DWYER,** a suspended member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of two (2) years for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A, effective October 19, 1990.

IT IS FURTHER ORDERED that **BARRY S. DWYER** is hereby suspended from the practice of law for an additional period of thirty (30) days, effective as of October 19, 1991.

IT IS FURTHER ORDERED that **BARRY S. DWYER** shall be placed on probation for a period of two years, effective as of October 19, 1990, subject to extension as provided for in Rule 52(a)(6)(A), under the following terms and conditions:

1. Respondent shall be suspended for a period of one year;

2. Respondent shall have a probation monitor referee;

3. Respondent shall take a professional responsibility examination given by the National Conference of Bar Examiners;

4. Respondent shall abstain from alcohol and drugs;

5. Respondent shall attend meetings of Alcoholics Anonymous;

6. Respondent shall submit to laboratory screening reports;

7. Respondent shall submit copies to the State Bar of Arizona of all written reports submitted to the California probation monitor referee and California State Bar Court, under the same terms as he is required to report to the disciplinary agency in California; and

8. Should Respondent fail to comply with the terms of his probation or fail to make a timely report to the State Bar of Arizona, bar counsel shall file a notice of

non-compliance with the disciplinary clerk, who shall assign the matter to a hearing committee. Respondent shall be given an opportunity to be heard, after which the hearing committee can make a recommendation to the Disciplinary Commission.

IT IS FURTHER ORDERED that Respondent shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **BARRY S. DWYER** shall pay the costs of these proceedings in the amount of $288.00.

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION

OF THE

SUPREME COURT OF ARIZONA

Comm. No. 93–0085

SB–93–0062–D

In the Matter of Barry S. Dwyer, a Suspended Member of the State Bar of Arizona, RESPONDENT.

*DISCIPLINARY COMMISSION REPORT*

Filed June 15, 1993.

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on April 17, 1993, for its determination of whether to impose the same disci-

pline upon Respondent as that imposed by the Supreme Court of California,[1] that is, suspension, probation, and the passing of the Professional Responsibility Examination.

*Decision*

By a concurrence of the eight Commissioners present,[2] the Commission recommends that Respondent receive the identical sanction to that imposed by the Supreme Court of California, to the extent allowed by Arizona law; that is, that Respondent be suspended for a period of two years, that execution of that suspension be stayed, that he take a Professional Responsibility Examination given by the National Conference of Bar Examiners, and that he be placed on probation for a period of two years, subject to renewal for an additional two years, in order to coincide with the term of California's period of probation. Probationary terms shall include an actual one-year suspension, a probation monitor referee, abstention from alcohol and drugs, attendance at Alcoholics Anonymous meetings, and laboratory screening reports. The Commission also unanimously recommends that Respondent be suspended for an additional thirty days for failing to timely file an affidavit pursuant to the order of the California Supreme Court concerning the misconduct at issue here. This suspension shall become effective upon completion of the above-stated one-year suspension. Finally, the Commission also unanimously recommends that the effective dates of both the suspension and probationary period be retroactive to and concurrent with those imposed in the state of California.[3]

1. This matter comes before the Commission pursuant to Rule 58, R.Ariz.Sup.Ct., concerning reciprocal discipline. Rule 58(a) provides that, upon being disciplined in another jurisdiction, a lawyer admitted to practice in Arizona shall immediately notify the State Bar of Arizona of such action. Rule 58(d) provides that a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall conclusively establish the misconduct for the purposes of disciplinary proceedings in this state. Rule 58(c) provides that, unless specific elements ex-

ist, as detailed below, the Commission shall impose or recommend identical discipline.

2. Commissioners Bonwell and Goldsmith did not participate in these proceedings. Jessica Funkhouser, of Phoenix, participated as an ad hoc member.

3. On September 19, 1990, the Supreme Court of California issued its order of suspension and probation. That order became effective on October 19, 1990.

## Terms of Probation

In addition to those probationary terms imposed by the Supreme Court of California, the Commission recommends the following:

1. Respondent shall submit copies to the State Bar of Arizona of all written reports submitted to the California probation monitor referee and California State Bar Court, under the same terms as he is required to report to the disciplinary agency in California.

2. Should Respondent fail to comply with the terms of his probation or fail to make a timely report to the State Bar of Arizona, bar counsel shall file a notice of non-compliance with the disciplinary clerk, who shall assign the matter to a hearing committee. Respondent shall be given an opportunity to be heard, after which the hearing committee can make a recommendation to the Disciplinary Commission.

## Facts

Respondent is a lawyer whose primary practice is in the state of California. He is also a member of the State Bar of Arizona.

In December 1985, Respondent was arrested for driving under the influence of alcohol. He was placed on probation for three years. The terms of the probation included serving 48 hours in custody, payment of a $684 fine, not driving a vehicle with any measurable amount of alcohol in his system, and abstaining from entering any bar except in the course of employment, among other conditions. Respondent paid the fine only after two subsequent bench warrants were issued.

In March 1988, while still on probation from his initial arrest, Respondent was again arrested for driving under the influence of alcohol. This time he was placed on five years' probation, which included serving 48 hours in custody, payment of a $1,020 fine, not driving with any alcohol in his system, and an eighteen-month restriction on his driver's license which allowed him to drive only to or from work or in the course of employment.

In January 1989, while still on probation from both previous incidents, Respondent was arrested a third time for driving under the influence of alcohol. The arresting officer had noticed Respondent's vehicle moving extremely slowly on the freeway. When the officer began his pursuit, the vehicle sped up to more than 70 miles per hour before stopping. By way of explanation for this third incident, Respondent states that he had driven to a bar that night at a friend's request, as she wanted his assistance in determining whether or not to purchase the bar. While at the bar, Respondent had several drinks, after which he drove a friend home who had had too much to drink. Respondent states that when he realized he was heading in the wrong direction for his friend's home, he sped up to make up time.[4] For this incident, Respondent was placed on five years' probation, which included serving 60 days in custody, payment of a $1,010 fine, and suspension of his driver's license, among other conditions.

This matter came before the California Supreme Court on the State Bar Court Judge's report and recommendation[5] that Respondent be suspended, placed on probation, and ordered to take the Professional Responsibility Examination. The California Supreme Court affirmed the decision and recommendation of the State Bar Court Judge.

In its order of suspension and probation, the California Supreme Court also ordered that Respondent file an affidavit containing

---

4. The judge of the State Bar Court of California found insufficient evidence to establish either that Respondent was speeding to evade arrest, or that he was not in the bar for a business purpose.

5. This report and recommendation was issued by the judge following a public hearing on the matter.

the matters specified in subdivision (c) of Rule 955 of the California Rules of Court. Respondent failed to do so in a timely manner, for which he was sanctioned with an additional thirty-day suspension. This period of suspension was consecutive to the one-year period of suspension discussed above.

### Discussion of Decision

This matter is directly before the Commission pursuant to Rule 58 dealing with reciprocal discipline. Rule 58(c) provides, in part:

The commission shall impose or recommend the identical discipline, unless bar counsel or respondent demonstrates or the commission finds that upon the face of the record from which the discipline is predicated, it clearly appears that:

1. The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

2. There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the commission could not, consistent with its duty, accept as final the other jurisdiction's conclusion on that subject; or

3. The imposition of the same discipline would result in grave injustice; or

4. The misconduct established warrants substantially different discipline in this state.

Respondent filed a document entitled "Declaration" stating that the imposition of the same discipline would result in grave injustice, although he provided no explanation or support for that contention.

In determining whether the misconduct established warrants substantially different discipline, the Commission considered the American Bar Association's *Standards for Imposing Lawyer Sanctions,* which is the guideline used by our Supreme Court. *In re Rivkind,* 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990).

Standard 7.2 provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to the client, the public, or the legal system. As the Theoretical Framework to the Standards indicates, one of those duties is to maintain the integrity of the profession.[6] By repeatedly ignoring both the laws of California and the terms of his multiple probations resulting from his previous criminal conduct, Respondent has breached that duty. The Commission does not believe the imposition of a period of suspension in this matter would result in a "grave injustice." On the contrary, the Commission believes a period of suspension is required.

Respondent had the opportunity to present evidence and testimony in the public hearing held in this matter. After conducting that hearing, the State Bar Court Judge determined that the suspension and probation set forth above were appropriate sanctions for Respondent's conduct. Upon review of the decision and recommendation of the California State Bar Court Judge, the order of the California Supreme Court, and the record before it, the Commission has determined that none of the elements required to modify the discipline imposed by the Supreme Court of California under Rule 58(c) exist. Therefore, the Commission recommends that Respondent receive the identical discipline imposed by the Supreme Court of California.

/s/ Raymond W. Brown
RAYMOND W. BROWN, Chair
Disciplinary Commission

---

6. Theoretical Framework, pp. 5–6.

(State Bar Court Case No. 91–N–00910)

S010283

IN THE SUPREME COURT OF THE
STATE OF CALIFORNIA

IN BANK

IN THE MATTER OF THE
SUSPENSION OF BARRY
S. DWYER

A MEMBER OF THE STATE
BAR OF CALIFORNIA

[Filed Oct. 20, 1992]

It is ordered that Barry S. Dwyer be suspended from the practice of law for thirty days as recommended by the Hearing Department of the State Bar Court in its Order Approving Stipulation filed June 21, 1991. Costs are awarded to the State Bar.

/s/ Ronald M. George
RONALD M. GEORGE
Acting Chief Justice

S010283

IN THE SUPREME COURT OF THE
STATE OF CALIFORNIA

IN BANK

IN THE MATTER OF BARRY
S. DWYER

A MEMBER OF THE STATE
BAR OF CALIFORNIA

[Filed Feb. 11, 1991]

Since it appears from our records that Barry S. Dwyer did not timely file an affidavit containing the matters specified in subdivision (c) of rule 955, California Rules of Court, and thus failed to comply with our order of September 19, 1990, the above entitled matter is referred to the State Bar for a hearing and report on whether he willfully failed to comply with the provisions of that order which was entered pursuant to rule 955, and if so found, for recommendation of discipline.

/s/ Stanley G. Feldman
STANLEY G. FELDMAN
Chief Justice

S010283

IN THE SUPREME COURT OF THE
STATE OF CALIFORNIA

IN BANK

IN RE THE CONVICTION OF
BARRY S. DWYER

A MEMBER OF THE STATE
BAR OF CALIFORNIA

[Filed Sept. 19, 1990]

It is ordered that Barry S. Dwyer be suspended from the practice of law for two years, that execution of suspension be stayed, and that he be placed on probation for five years on condition that he be actually suspended for one year and comply with the other conditions of probation recommended by the State Bar Court in its decision filed March 22, 1990. It is further ordered that he take and pass the Professional Responsibility Examination within one year after the effective date of this order. (See Segretti v. State Bar (1976) 15 Cal.3d 878, 891, fn. 8, 126 Cal.Rptr. 793, 544 P.2d 929.) He is also ordered to comply with rule 955, California Rules of Court, and to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the date this order is effective.* Costs are awarded to the State Bar. This order is effective upon finality of this decision in this Court. (See Cal.Rules of Court, rule 24(a).)

/s/ Stanley G. Feldman
STANLEY G. FELDMAN
Chief Justice

[black redaction bar]

---

* Business and Professions Code section 6126, subdivision (c).