910 P.2d 631

**In the Matter of a Member of the State Bar of Arizona, Leonard Gene BROWN, Respondent.**

**No. SB–95–0018–D.**

**Disciplinary Commission No. 93–1413.**

Supreme Court of Arizona.

Jan. 30, 1996.

Reconsideration of Sanction Denied March 19, 1996.

Original Proceeding for Disciplinary Action. Respondent Suspended.

State Bar of Arizona by Margaret H. Downie, Chief Bar Counsel, Phoenix.

Leonard Gene Brown, Flagstaff, in Propria Persona.

## OPINION

ZLAKET, Justice.

The respondent attorney is no stranger to the disciplinary process. He has been suspended once, censured three times, and twice placed on probation. Additionally, he has received three informal reprimands. In the present matter, the disciplinary commission rejected a hearing officer's recommendation of another suspension and concluded that respondent should not be subject to sanctions beyond those which were previously imposed and are still in effect. It suggested only that he be assessed all expenses incurred by the State Bar of Arizona in pursuing this grievance. Believing that such a disposition is too lenient, the bar has appealed. Our jurisdiction is pursuant to Rule 53(e), Ariz.R.Sup.Ct.

We have considerable difficulty accepting the commission's present recommendation. In 1993, we suspended respondent from the practice of law for six months and ordered that he be placed on supervised probation for two years, commencing when and if he left his employ with the Coconino County Attorney's Office. *In re Brown*, 175 Ariz. 134, 854 P.2d 768 (1993). Approximately one year ago, in a separate matter, we issued a memorandum decision ordering an additional two years of supervised probation. Both of those cases arose, as does this one, out of the same time period in respondent's legal career.

Until December 1991, respondent maintained a private law practice in which he admittedly took on more cases than he could handle. The sanctions imposed in the foregoing disciplinary matters were based on evidence that his difficulties resulted primarily from an inability to administratively manage that practice, a problem he did not encounter more recently as a public prosecutor. Since he no longer works for the county attorney and desires to return to private practice, however, respondent is now subject to the four-year probation. Its terms include supervision by a bar-appointed monitor who will review his practice monthly and report to the state bar quarterly, payment of all associated costs, and maintenance of malpractice insurance. *See In re Brown*, 175 Ariz. at 134–35, 854 P.2d at 768–69.

Although the complaint here was filed on April 8, 1994, after respondent began working for the county attorney, its origin lies in misconduct dating back to 1989. The bar alleged in count one that respondent failed, in a guardian/conservator action, to communicate with and advise his client, appear at court hearings, cooperate with other counsel, comply with court orders, inform the court, client, and counsel of his suspension, and withdraw from representation. The second count claimed that he failed to cooperate with the bar in its investigation. Count three asserted that he had been sanctioned for ethical violations on numerous previous occasions.

Respondent replied to the complaint on June 3, 1994, admitting a majority of the bar's allegations. On September 19, 1994, a hearing was conducted at which he did not contest the evidence. In a report dated October 21, 1994, the hearing officer found as to the first count that Brown violated ER 1.1 (lack of competency), ER 1.3 (lack of diligence), ER 1.4 (failure to keep client in-

formed), ER 3.2 (failure to expedite litigation), ER 3.3 (lack of candor toward the tribunal), ER 8.4(d) (conduct prejudicial to the administration of justice), and Rules 51(e), (f), (k) and 63(a), Ariz.R.Sup.Ct. (failure to comply with court order, violation of disciplinary rules, willful violation of a court order, and failure to notify relevant parties of suspension). With respect to count two, the hearing officer found that respondent had violated ER 8.1(b) (failure to respond to disciplinary authority's demand for information) and Rules 51(h) and (i), Ariz.R.Sup.Ct. (failure to respond to request for information regarding matter under investigation and refusal to cooperate with state bar officials and staff). After considering his prior disciplinary offenses, pattern of misconduct, and lack of cooperation with the state bar, the hearing officer recommended a nine-month suspension, plus respondent's successful completion of an ethics course at an accredited college of law, the Multi–State Professional Responsibility Examination, and the state bar's professionalism course.

Respondent appealed to the disciplinary commission. On all three counts, the commission agreed with the hearing officer's findings and conclusions. Instead of a suspension, however, it recommended that respondent only be ordered to pay the costs and expenses incurred by the bar in this action. The commission based its decision, in part, on a finding that respondent's "unusual circumstances" were fully taken into account during the previous disciplinary action in which it rejected a recommendation of suspension in favor of censure and additional supervised probation. The commission was also strongly influenced by the fact that, except for the failure to give appropriate notice of his suspension, the present offenses arose from the same set of circumstances that led to respondent's earlier discipline.

■ The state bar argues that the commission's recommendation essentially amounts to no sanction for multiple incidents of admitted misconduct. It asserts that the public, the profession, and the administration of justice will be neither served nor protected by an order requiring the mere payment of costs, and that past sanctions appear to have had little effect on the respondent. Moreover, the bar claims that the commission has inappropriately diminished the significance of the offenses by lumping them together with other distinct misconduct. Respondent argues that the conditional four-year probation is sufficient to protect the public and that the present misconduct represents "continuing, not new, violations."

The complaints at the heart of the proceedings in *In re Brown*, 175 Ariz. 134, 854 P.2d 768 (1993), arose from respondent's representation of four separate groups of clients from 1986 to 1991. He was suspended for misconduct similar to that in the case at bar: lack of diligence, questionable competence, and failure to maintain adequate communication with clients. In anticipation of his return to private practice, this court augmented his suspension with two years of probation, "the terms of which were specifically crafted to monitor and prevent any future problems of this kind." *Id.* at 138, 854 P.2d at 772. In respondent's subsequent disciplinary action, which involved similar misconduct in the representation of other clients during the same period of time, we agreed with the commission that an additional two-year probationary term was sufficient because he had expressed remorse, the misconduct arose out of the same circumstances as before,[1] he had voluntarily given up private practice, and his job performance at the Coconino County Attorney's Office was satisfactory.

The bulk of the misconduct here also goes back to the time when respondent was in private practice. Unfortunately, this is the third time we have had to sift through facts arising out of the same basic set of circumstances. While we understand that the bar cannot consolidate multiple complaints until it has completed its investigation and found each to have a basis in fact, the piecemeal analysis of conduct occurring over an identifiable time period is difficult. We encourage

---

1. "Respondent's neglect of his clients and cases was the result of unique personal and emotional problems and difficulties in managing his law office which began after his law partner left the practice of law." *In re Brown*, 175 Ariz. at 138, 854 P.2d at 772.

the grouping together of similar complaints where possible because it provides us with a clearer picture of an attorney's problems and enables us to better assess the proper sanction. It in no way diminishes the gravity of the misconduct.

■ The purpose of lawyer discipline is to deter others and protect the public, not to punish the lawyer. *In re Kersting,* 151 Ariz. 171, 179, 726 P.2d 587, 595 (1986). Here, it is difficult to know whether current sanctions have been effective because the present complaint is primarily based on conduct occurring prior to their imposition, and respondent has only recently expressed the intent to return to private practice. Under these circumstances, we agree with the commission that further discipline for respondent's violation of duties owed to former clients would merely be punitive. That he is no longer working for the county attorney should not weigh against him; we anticipated his return to private practice when we crafted the terms of his probation. Moreover, the client in the instant case did not suffer irreparable harm, respondent has fully reimbursed all fees paid, and there is nothing to suggest a dishonest or selfish motive.

Nevertheless, we are concerned that respondent is not getting the clear message of these many encounters with the disciplinary system regarding his need for heightened professionalism. Before his suspension in 1993, respondent failed more than once to appear at scheduled hearings and to abide by court orders regarding his client's pending action. He later did not bother to notify the client or the court of his suspension, nor did he take appropriate steps to withdraw from representation.

Thereafter, respondent was given written notification of the instant charge. The letter specifically referred to Rule 51(h) and (i), Ariz.R.Sup.Ct. (duty to cooperate with disciplinary investigation), and directed him to file a written response within 25 days. He did not. On October 18, 1993, the bar sent a follow-up letter and demanded a response within 15 days. Again, he did not reply or request an extension of time. Ultimately, on December 30, 1993, he filed a written answer but subsequently failed to file a disclosure statement ordered by the hearing officer during the disciplinary proceedings.

Our past willingness to give respondent the benefit of every doubt does not appear to have left much of an impression, as evidenced by his failure to notify relevant parties of the suspension in direct contravention of our order,[2] and his delay in responding to the bar's requests for information. It is also noteworthy that these infractions arose *after* he left private practice. Respondent testified before the hearing officer that this case involved his last remaining private client and that his failure to notify of the suspension was merely an oversight resulting from the belief that a new lawyer was already handling the client's needs. Regarding his failure to answer the bar's inquiries, respondent asserted that he assumed "no response" was an admission, which he believed was proper since he did not take issue with the charges. The hearing officer found these explanations to be "less than compelling," and we agree.

■ It is this apparent indifference to the disciplinary process that causes us great concern. Despite his extensive history, respondent does not seem to comprehend that his duty as an officer of the court includes the obligation to fully and actively cooperate with the bar when his conduct is called into question. "Failure to respond to inquiries from the State Bar shows a disregard for the Rules of Professional Conduct and borders on contempt for the legal system." *In re Davis,* 181 Ariz. 263, 266, 889 P.2d 621, 624 (1995) (citation omitted). Inaction serves to undermine the profession's efforts at self-regulation, damaging both its credibility and reputation. Additionally, respondent's disregard of court orders casts a shadow over the integrity of the justice system.

■ In determining appropriate sanctions, we often rely on the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991). *In re Arrick,* 161 Ariz. 16, 22, 775 P.2d 1080, 1086 (1989). Generally, attorneys are censured for negligently failing to comply with court orders or rules or negli-

---

2. *In re Brown,* 175 Ariz. at 135, 854 P.2d at 769.

gently engaging in conduct that violates a duty owed to the profession. Standards 6.23, 7.3. However, more severe sanctions are appropriate where a lawyer violates the terms of a prior disciplinary order or engages in further acts of the same or similar misconduct for which he or she has already been reprimanded. *See* Standards 8.1, 8.2; *In re Redondo,* 176 Ariz. 334, 338, 861 P.2d 619, 623 (1993). Here, respondent had been censured or informally reprimanded on four prior occasions for failure to cooperate with the bar.[3] This, coupled with his failure to obey the prior disciplinary order, compels us to find that suspension is the appropriate sanction. The only mitigating factor, an absence of dishonest or selfish motive, does not outweigh the aggravating circumstances: prior discipline, a recurrent pattern of misconduct, multiple offenses, and the obstruction of disciplinary proceedings by intentionally failing to comply with rules or orders of the court and the bar. *See* Standards 9.22, 9.32; *In re Pappas,* 159 Ariz. 516, 527, 768 P.2d 1161, 1172 (1988) ("Failure to cooperate with disciplinary authorities is a significant aggravating factor.").

For the foregoing reasons, we suspend respondent from the practice of law for nine months, effective this date. He shall be required to take and pass the Multi–State Professional Responsibility Examination and attend the state bar's professionalism course prior to his reinstatement. The current probationary period relating to his prior violations will resume following the suspension. Finally, he is ordered to pay all costs and expenses incurred by the bar in this matter.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and MARTONE, JJ., concur.

---

**3.** A fifth complaint alleging failure to cooperate was pending while respondent was engaging in the instant conduct.