**In the Matter of the Application for the DISCIPLINE OF James B. McCREARY, an Attorney at Law of the State of Minnesota.**

No. C4–84–1256.

Supreme Court of Minnesota.

Oct. 9, 1985.

---

## ORDER

The Lawyers Professional Responsibility Board, through its Director, filed a petition alleging that the respondent was guilty of misconduct warranting discipline in connection with the handling of an estate and some of his personal matters. On the 26th of July, 1984, pursuant to stipulation of the respondent and the Director, this court entered an order temporarily suspending the respondent from the practice of law pending further proceedings in this matter. The parties have now presented to this court a stipulation for discipline. At all stages of the proceeding, the respondent has been represented by counsel of his own choice. Pursuant to the stipulation, the respondent has waived all rights he has for hearing before a referee and before this court pursuant to the Rules of the Lawyers Board on Professional Responsibility. By failing to interpose an answer in this matter, the allegations of the petition are deemed to have been admitted. In summary, those allegations are that in February, 1982, respondent was appointed personal representative of the estate of his uncle, Ralph I. Bost, and in March, 1982, was appointed conservator of the estate of his aunt, Allie Bost; that respondent transferred to himself at least $10,000 from the Ralph Bost estate in fees for services, a substantial majority of which was misappropriation of estate funds; respondent charged excessive fees to the Allie Bost conservatorship in excess of $6,000; respondent failed to file income tax returns for either the conservatorship or the estate for the years 1982 and 1983, and failed to file his own United States or Minnesota individual income tax returns for the years 1981, 1982 or 1983; and respondent failed to keep proper accounts for either the conservatorship or the estate, failed to file timely accounts in the conservatorship, and failed to keep required books and records for his office and trust accounts.

The court having considered the original petition, the original stipulation for temporary suspension, all of the files and records herein, the stipulation for permanent discipline, and all of the mitigating factors, NOW ORDERS:

1. The respondent is hereby indefinitely suspended from the practice of law with leave for petition for reinstatement to practice no sooner than five years from the date of this order.

2. The respondent shall forthwith pay to the Board of Professional Responsibility costs pursuant to Rule 24(a) in the amount of $500.

3. The reinstatement of respondent to the practice of law shall only be upon the following conditions:

(a) That respondent meet all criteria for reinstatement as set forth in Rule 18, Rules of Lawyers Professional Responsibility, and proves his rehabilitation and fitness to practice law by clear and convincing evidence.

(b) That respondent continues to cooperate with the Director's office and with the conservator for the estate of Allie Bost and the personal representative for the estate of Ralph Bost to determine a mutually agreeable method of repayment by respondent of amounts owed. All such repay-

ment shall be made prior to any reinstatement petition being filed with this court.

(c) That respondent shall continue to timely file all Federal and Minnesota individual income tax returns and furnish proof thereof to the office of the Director.

(d) That respondent shall pay all Federal and Minnesota individual income tax delinquencies, including penalties and interest, for all years prior to the year in which the petition for reinstatement is filed, and shall furnish proof thereof to the Director's office prior to the filing of any petition for reinstatement.

(e) That respondent shall make restitution to the estate and conservatorship of any and all losses to the estate and the conservatorship which are not covered and paid by the insurer and which are not offset by any distribution receivable by respondent and any allowable fees to respondent from the estate and conservatorship, and furnishing of proof thereof to the Director's office.

(f) Payment of the costs imposed pursuant to Rule 24(a), Rules of Lawyers Professional Responsibility, to the Director's office.