**In re Petition for DISCIPLINARY ACTION AGAINST James T. SKONNORD, an Attorney at Law of the State of Minnesota.**

No. C0–87–2385.

Supreme Court of Minnesota.

May 5, 1988.

### ORDER

The Director of Lawyers Professional Responsibility filed a petition with the court alleging that the respondent had failed to file quarterly withholding tax returns for parts of 1983 and 1985, had failed to timely pay taxes withheld from his employees' paychecks during those periods, and had failed to file his federal individual income tax returns for the years 1983, 1984, and 1985 and his state individual income taxes for the years 1984 and 1985. Following the interposition of an answer by and on behalf of the respondent, the Director and the respondent entered into a stipulation. By the terms of the stipulation, the respondent admitted the allegations of the complaint and waived all of his rights under Rule 14, Rules on Lawyers Professional Responsibility and agreed that the court may proceed to immediate disposition of this matter under Rule 15, RLPR. In the stipulation the parties agree that the respondent has been chemically dependent for approximately 24 years but that he has currently been chemically free since September 1987, has completed an out-patient chemical dependency program in 1987, has completed an after-care program in October 1987, and has been discharged from those programs subject to future treatment of chemical dependency including attendance at Alcoholics Anonymous. Notwithstanding the respondent's diagnosed alcoholism, the parties agree that there lacks clear and convincing evidence of causal connection between the chemical dependency and the respondent's misconduct. By the stipulation the Director and the respondent have recommended to this court a suspension followed by probation with supervision on conditions.

The court having examined the petition, the answer, the stipulation, and being advised in the premises, NOW ORDERS:

1. The respondent is hereby suspended from the practice of law for a period of 60 days following the date of this order.

2. Upon completion of the suspension, the respondent shall be on a supervised probation for a period of two years.

3. The supervised probation would be subject to the following conditions:

a. Respondent shall abide by the Minnesota Rules of Professional Conduct and shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention.

b. Respondent shall maintain total abstinence from alcohol and other mood altering chemicals except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

c. During the term of the probation, respondent shall continue treatment for chemical dependency including any aftercare that may be recommended or prescribed by his physician or a chemical dependency counselor.

d. During the term of the probation, respondent shall regularly attend meetings of Alcoholics Anonymous,

Lawyers Concerned for Lawyers or other out-patient alcohol treatment programs acceptable to the Director.

e. Respondent shall, upon appropriate request from the Director, execute authorizations for the Director to verify respondent's compliance with the terms of the probation including compliance with treatment provisions and recommendations.

f. Two weeks from the date of this order respondent shall nominate an attorney acceptable to the Director to monitor respondent's compliance with the terms of the probation. Failure by the respondent to nominate a supervisor acceptable to the Director shall give the Director the option to appoint any licensed Minnesota lawyer as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as may be requested by the Director.

g. During the probation respondent shall cooperate fully with the supervisor and with the Director's office in efforts to monitor compliance with this probation and any investigations of further alleged unprofessional conduct which may arise.

h. During the probation respondent shall report at least quarterly to the supervisor concerning the status of all matters being handled by respondent and concerning compliance with the terms and conditions of the probation.

i. Respondent shall timely file all state and federal individual income tax returns and employer withholding returns and pay the taxes thereon as they become due. Moreover, he shall affirmately report on or before the due date of each quarter during which this probation is in effect, compliance with the filing and payment requirements, and, upon request, shall provide the Director with tax authorizations necessary for the Director to obtain verification from state and federal authorities that the tax returns have been filed and the taxes due thereon have been paid in full.

j. Respondent shall successfully complete the professional responsibility portion of the state bar examination within one year of the date of this court's order.

4. Respondent shall forthwith pay $750 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.

5. Respondent shall be reinstated following the expiration of the suspension upon the filing of an affidavit with the clerk of appellate courts and the Director's office establishing that respondent is current with continuing legal education, has complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility, and has satisfactorily completed all other conditions imposed by the Court in this decision concerning respondent's probation.