In re the Petition for **DISCIPLINARY ACTION AGAINST Rodney M. FRENCH, an Attorney at Law of the State of Minnesota.**

**No. C1–91–1380.**

Supreme Court of Minnesota.

June 24, 1992.

## ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition and an amended and supplementary petition with this Court alleging that the respondent Rodney M. French has committed professional misconduct warranting public discipline. In the amended and supplementary petition, the Director alleges that respondent misappropriated more than $7,000 in client funds; failed to keep proper trust account books and records; failed to timely file individual, corporate, and employee withholding tax returns; failed to timely pay employee withholding taxes; and, with regard to seven separate matters, neglected client files and failed to communicate adequately with clients.

After the Director filed the petitions, and after respondent stipulated to a temporary suspension which this court subsequently ordered on August 22, 1991, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his answers to the petition and the amended and supplementary petition. Along with the Director, respondent presented the court with additional evidence not contained in the petitions, including evidence of respondent's severe depression. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is an indefinite suspension, with no right to apply for reinstatement for 2 years.

The Court, having considered all of the facts and circumstances surrounding this matter, the petitions of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Rodney M. French, hereby is suspended indefinitely pursuant to Rule 15, Rules on Lawyers Professional Responsibility, and may not apply for reinstatement for 2 years from the date of this order.

2. That, if and when respondent seeks reinstatement, respondent's reinstatement shall be conditioned upon the following:

a. Respondent's payment of costs in the amount of $750 plus interest and disbursements in the amount of $53.03 plus interest, pursuant to Rule 24(d), Rules on Lawyers Professional Responsibility.

b. Respondent's successful completion of the professional responsibility portion of the bar examination, pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility.

c. Respondent's satisfaction of the continuing legal education requirements contained in Rule 18(e), Rules on Lawyers Professional Responsibility.

d. Respondent's demonstration, by clear and convincing evidence, of his psychological fitness to practice law.

e. Respondent's filing of all delinquent state and federal tax returns and timely filing of all state and federal tax returns due on or after the date of this order.

f. Respondent's restitution of all misappropriated funds, as identified in the first count of the amended and supplementary petition for disciplinary action in this matter.