In re Petition for DISCIPLINARY ACTION AGAINST Michael G. SINGER, an Attorney at Law of the State of Minnesota.

No. C7–93–318.

Supreme Court of Minnesota.

Jan. 5, 1996.

**314**

Candice M. Hojan, Office of Lawyers Professional Responsibility, St. Paul, for appellant.

Mark W. Peterson, Minneapolis, for respondent.

## OPINION

PER CURIAM.

In this case we are asked to determine the appropriate discipline for a lawyer who has repeatedly failed to file and pay personal and business taxes and who has been disciplined twice previously for such misconduct. Respondent Michael G. Singer's failure to pay personal income and employer withholding taxes led to a 1987 admonition. In 1993, we suspended Singer for 30 days for similar tax violations and placed him on probation with the conditions that he timely file state and federal income and employer withholding tax returns and that he cooperate with tax agencies to arrange for the payment of his outstanding tax liabilities. *In re Singer,* 499 N.W.2d 467, 468 (Minn.1993).

In the current case, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action with this court alleging that Singer violated his probation by failing to file and pay appropriate federal and state personal and business taxes and committed additional misconduct. After a hearing, the referee determined that Singer violated the Minnesota Rules of Professional Conduct by failing to file in a timely manner his individual state and federal and employer withholding tax returns (Minn. R. Prof. Conduct 8.4(b) and (d)); by failing to maintain proper trust account books and records, while falsely certifying that he had, and by failing to account for client funds (Minn. R. Prof. Conduct 1.15(a), (d), (g), and 8.4(c) and Lawyers Professional Responsibility Board Amended Opinion No. 9); by failing to properly deposit and account for advance fee payments, by using the money for personal needs and by failing to timely refund the fee payments (Minn. R. Prof. Conduct 1.15(a)(2), (b)(4), (e) and 1.16(d)); by failing to cooperate with and misleading the Director's investigator (Minn. R. Prof. Conduct 8.1(a)); and, by virtue of the above-mentioned misconduct, by violating

his probation. The referee recommended a two-year suspension and the Director agreed. Based on Singer's continuing failure to meet his personal and business tax obligations, we order indefinite suspension, with no opportunity to apply for reinstatement for a minimum of two years, along with other conditions.

The referee found Singer did not comply with the requirements of his probation in that he did not timely file any of the employer withholding tax returns for the first seven quarters after his return to practice. Similarly, the referee found that he did not timely file state and federal individual income tax returns and that he did not cooperate with taxing authorities in the development of plans for the payment of employer withholding tax liability arrearages. At oral argument, Singer informed this court that he had reached agreements with both state and federal taxing authorities with regard to filing and payment and continues to comply with these agreements.

The remaining rule violations alleged against Singer stem from his apparent inability to properly handle trust account funds. According to the referee's findings, he removed client money from his trust account and was unable to account for it for over 18 months. Responding to a request from the Director regarding repayment of these funds, Singer misrepresented the timeliness of his repayment, presenting a check dishonored by his bank as the means of repayment. The referee concluded that "respondent's misrepresentations * * * gave the impression that the money was repaid earlier than it actually was and the false statements were made to mitigate respondent's conduct."

In a separate client matter, Singer sought and received a large retainer from a long time client in advance of representation in a complicated criminal matter without also seeking a written nonrefundable retainer agreement, as required by the Rules of Professional Conduct. The retainer of $10,000 was paid to Singer in two checks, the first in April 1992 for $4,000 and the second in May 1992 for $6,000. Despite the absence of such an agreement, Singer deposited the $4,000 check into his business account, not his trust account. When the second check arrived, Singer again did not deposit the funds in his trust account. Instead, he used the money, along with funds from his business account, to purchase a cashier's check to pay college tuition for one of his children. When Singer was removed from the matter by the federal court for a conflict, he was unable to repay his client the remaining funds until some 18 months later.

Singer argues that his accounting problems stem from disorganized recordkeeping, his misrepresentations were at most negligent and not made with intent to deceive, and his tax problems were due in part to financial inability to pay, and in part to the practices of the taxing authorities which made it impossible for him to pay. Further, he suggests that the proper sanction for a lawyer who is a poor businessman is further probation, and not the more stringent discipline of suspension. Like the referee, we find these assertions unpersuasive. We have previously held in matters of attorney discipline that the findings and conclusions of the referee will not be set aside unless they are clearly erroneous. *In re Ruffenach,* 486 N.W.2d 387, 389 (Minn.1992). Here, the record amply supports the findings and recommendations of the referee.

Since 1972, this court has treated failure to file tax returns as serious misconduct. *In re Bunker,* 294 Minn. 47, 199 N.W.2d 628 (1972). The same is true of failure to keep proper trust account records. *In re Lochow,* 469 N.W.2d 91 (Minn.1991). Failing to cooperate or misrepresenting facts to a disciplinary investigator is also a significant breach of professional conduct standards. *In re Cartwright,* 282 N.W.2d 548 (Minn.1979). Each of the instances of misconduct enumerated by the referee merits strong discipline. Viewing them together, and recalling that Singer was on probation for similar conduct while committing these violations, reinforces this conclusion.

 The only issue for us to resolve is that of the appropriate discipline. While we place significant weight on the referee's recommendation, this court is the sole arbiter of the discipline to be imposed. *In re Fling,* 316 N.W.2d 556, 559 (Minn.1982); *In re Per-*

*ry,* 494 N.W.2d 290, 293 (Minn.1992). To determine the appropriate sanction for particular misconduct, we consider four general factors: 1) the nature of the misconduct, 2) the cumulative weight of the violations of the rules of professional conduct, 3) the harm to the public, and 4) the harm to the legal profession. *In re Beal,* 374 N.W.2d 715, 719 (Minn.1985). Prior misconduct may militate towards more serious punishment, while evidence of mitigation may indicate a need for leniency. *See In re McCoy,* 447 N.W.2d 887, 889 (Minn.1989); *In re Getty,* 452 N.W.2d 694, 698 (Minn.1990). Mitigating factors may include cooperation with the investigation of the misconduct, the lack of any attempt to conceal the misconduct, and the attorney's attempts to ameliorate the problem(s). *In re Beal,* 374 N.W.2d at 716.

It is always troubling when an attorney, previously disciplined for misconduct, is before this court once again for committing the same proscribed conduct while on probation. Professional conduct standards and disciplinary proceedings exist to protect, not to punish. The goal of disciplinary sanctions is the protection of "the courts, the legal profession, and the public" as well as the deterrence of others from similar misconduct. *In re Isaacs,* 451 N.W.2d 209, 211 (Minn.1990). But, an attorney on probation should take special care to ensure conformity with the obligations and conditions placed on him or her. *In re Haugen,* 425 N.W.2d 835 (Minn.1988). Our prior discipline of Mr. Singer was intended to sound an alarm in his professional life, to encourage him to ameliorate the practices which led to his discipline. Today, we find that our alarm was insufficient.

We have suspended attorneys for varying amounts of time, ranging from one month to eighteen months, for failure to file tax returns. *See, e.g., In re Johnson,* 414 N.W.2d 199 (Minn.1987) (18 months suspension); *In re Munns,* 427 N.W.2d 670 (Minn.1988) (30 days and 2 years stayed suspension); *In re Skonnord,* 422 N.W.2d 726 (Minn.1988) (60 days suspension); *In re Speakman,* 418 N.W.2d 162 (Minn.1988) (six months suspension); *In re Doom,* 463 N.W.2d 499 (Minn. 1990) (60 days). Suspensions for longer than one year, however, have generally been reserved for more than simply violating tax filing requirements. *See, e.g., In re McCreary,* 375 N.W.2d 12 (Minn.1985) (5 years suspension for failure to file, failure to keep proper trust records, misconduct relating to estate matters, and misappropriation of client funds); *In re French,* 486 N.W.2d 391 (Minn.1992) (2 years suspension for failure to file, failure to keep proper trust records, and misappropriation of client funds).

It may be true that many of Singer's problems derive from past financial misfortune and present lack of business expertise. *See In re Beal,* 374 N.W.2d 715, 716 (Minn.1985). But this fact does not excuse or even explain his failure to improve his business practices or associate himself with a firm, business, organization, or government entity where such shortcomings would not detrimentally affect his clients. We sympathize with Singer's past misfortunes and agree with the referee that Singer appears to be a hardworking, talented attorney who could make a significant contribution to the bar. Nonetheless, Mr. Singer must also realize that competent and vigorous advocacy is not the only requirement the bar places on its members and that compliance with all of the professional rules is the minimum this court expects and the public deserves.

We find that the appropriate sanction for respondent's conduct is a two year suspension. Accordingly, we order:

1. That respondent, Michael G. Singer is hereby suspended indefinitely from the practice of law in Minnesota pursuant to Rule 15, Rules on Lawyers Professional Responsibility, commencing 14 days from the date of this order;

2. That respondent may not apply for reinstatement until 2 years from the date of the beginning of his suspension;

3. That respondent shall timely file his federal and state income tax returns, and any employer withholding tax returns;

4. That respondent enter into filing and repayment plans with both the Minnesota Department of Revenue and the Internal Revenue Service with respect to all tax arrearages, interest, and penalties due and

abide by the deadlines agreed to in those plans;

5. That, if and when respondent seeks reinstatement, it shall be conditioned upon the following:

a. respondent's payment of costs in the amount of $750, pursuant to Rule 24(d), Rules on Lawyers Professional Responsibility;

b. respondent's successful completion of the professional responsibility portion of the bar examination, pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility;

c. respondent's demonstration to the Director that he has timely filed his federal and state income tax returns, and any employer withholding tax returns, and provided to the Director such releases as may be appropriate to permit the Director to obtain verification from the taxing authorities;

d. respondent's demonstration to the Director that he has entered into, and continues to abide by or has completed, repayment plans with the Minnesota Department of Revenue and the Internal Revenue Service with respect to tax arrearages, interest, and penalties for all previous tax years, and provided the Director such releases as may be appropriate to permit the Director to obtain verification.