**In re Petition for DISCIPLINARY ACTION AGAINST Ragnhild A. WESTBY, an Attorney at Law of the State of Minnesota.**

No. CX–96–1459.

Supreme Court of Minnesota.

Dec. 11, 1997.

## ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Ragnhild A. Westby has committed professional misconduct warranting public discipline, namely failure to deposit retainers in her trust account, failure to maintain proper trust account books and records, failure to communicate with clients and failure to respond to notice of investigation, and a supplementary petition alleging failure by respondent to pay a debt secured by property and failure to timely file and pay state and federal individual income taxes and employer's withholding tax returns; and

WHEREAS, the petition was heard by a referee of this court who made findings and conclusions that respondent had violated the rules of professional conduct alleged by the Director; and

WHEREAS, the referee's findings and conclusions were deemed to be conclusive by order of this court; and

WHEREAS, respondent has waived further proceedings pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), has unconditionally admitted the allegations of the supplementary petition and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a 60–day suspension to take effect 14 days from the date of this order, that the reinstatement hearing be waived, that respondent comply with Rule 26, RLPR, successfully complete the professional responsibility portion of the state bar examination within 1 year of the date of this order, and pay $900 in costs and that respondent be reinstated following expiration of the suspension period subject to the following conditions that:

i. Prior to reinstatement respondent enters into agreements satisfactory to the Internal Revenue Service (IRS) and the Minnesota Department of Revenue (DOR) for the payment of all unpaid employer withholding taxes, and for the payment of all unpaid individual income taxes for all tax years after 1991. Respondent shall provide to the Director copies of the payment agreements and proof of currency on payments required by the agreements. If, prior to reinstatement, agreement with the IRS and/or DOR has not been reached despite diligent effort by respondent, respondent shall report to the Director concerning her progress in reaching agreement. Such reports shall continue after reinstatement on a monthly basis until written agreements have been signed by both the IRS and DOR.

ii. Prior to reinstatement respondent files all unfiled individual income tax returns and employer's withholding tax returns. Respondent shall provide proof of filing.

iii. At least 15 days before the expiration of the suspension period, respondent files an affidavit with the Clerk of Appellate Courts and serves the affidavit on the Director's office establishing that respondent is current with Continuing Legal Education, has fully complied with Rules 24 and 26, RLPR, and has satisfactorily completed all other conditions imposed by the court in its decision; and

that upon reinstatement respondent shall be placed on probation for the longer of 2 years or the filing of state and federal income tax returns for 2 consecutive years and on the following conditions:

i. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation

to verify compliance with the terms of this probation.

ii. Respondent shall abide by the Minnesota Rules of Professional Conduct.

iii. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph iv. below. Respondent shall make active client files available to the Director for inspection and/or copying upon request, consistent with Rule 25(a), RLPR.

iv. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action (if any), and anticipated closing date (if any). Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

v. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

vi. Within 30 days from the date of the Supreme Court's disciplinary order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements.

vii. Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15(g), MRPC, and LPRB Amended Opinion No. 9. These books and records include the following: cash receipts journal, cash disbursements journal, client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, cancelled checks, duplicated deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.

viii. Respondent shall timely file all required state and federal tax returns, including individual income and employer withholding returns, and timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, her compliance with filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Respondent shall provide all of the documents and information required in this subparagraph without specific reminder or request.

ix. Respondent shall employ a qualified tax preparer to assist her in preparing and filing required quarterly and annual tax returns. Respondent shall make timely quarterly estimated payments to the state and federal tax authorities. On or before the filing deadline, respondent shall provide proof of such filing and payment to the Director without specific reminder or request.

x. Respondent shall execute authorizations requested by the Director as the Director deems necessary to determine compliance with subparagraphs viii. and ix., above, and

WHEREAS, this court has independently reviewed the record and agrees that the con-

duct warrants the jointly recommended discipline,

IT IS HEREBY ORDERED that respondent Ragnhild A. Westby is suspended from the practice of law for 60 days, effective 14 days from the filing of this order, and may be reinstated subject to the agreed-to conditions set out above. The Director is awarded costs and disbursements in the amount of $900.

BY THE COURT:

/s/ Alan C. Page

Alan C. Page

Associate Justice