In re Petition for DISCIPLINARY ACTION AGAINST Lori A. JOHNSON, an Attorney at Law of the State of Minnesota.

No. C1–97–1537.

Supreme Court of Minnesota.

Jan. 22, 1998.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition alleging that respondent Lori A. Johnson has committed professional misconduct warranting public discipline, namely failure to timely file state and federal individual income tax returns for the years 1990 through 1996; failure to timely file employer withholding tax returns and pay the taxes due thereon for tax years 1993 through 1996; failure to maintain proper books and records for her trust account and regularly commingled client and personal funds in her trust accounts from at least January 1, 1995 through August 13, 1996, during which time

there were shortages in the accounts of varying amounts; and failure to cooperate with the Director's office in its investigation of these matters; and

WHEREAS, respondent has withdrawn her answer to the petition, acknowledging that the allegations of the petition are deemed to be admitted; has waived her rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR); and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a 4–month suspension pursuant to Rule 15, RLPR, with leave to apply for reinstatement 60 days before the end of the suspension period and with reinstatement conditioned upon (1) payment of $900 plus interest and disbursements pursuant to Rule 24(d), RLPR; (2) compliance with Rule 26, RLPR; (3) successful completion of the professional responsibility examination pursuant to Rule 18(e), RLPR; and (4) satisfaction of the continuing legal education requirements pursuant to Rule 18(e), RLPR; and

WHEREAS, this court agrees with the recommended stipulated suspension but concludes that, upon any reinstatement, it is appropriate that, in addition, respondent be placed on supervised probation for 2 years on the following conditions:

i. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

ii. Respondent shall abide by the Minnesota Rules of Professional Conduct.

iii. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each

month provide the Director with an inventory of active client files described in paragraph iv. below. Respondent shall make active client files available to the Director for inspection and/or copying upon request, consistent with Rule 25(a), RLPR.

iv. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action (if any), and anticipated closing date (if any). Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

v. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

vi. Within 30 days from the date of the Supreme Court's disciplinary order, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements.

vii. Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15(g), MRPC, and LPRB Amended Opinion No. 9. These books and records include the following: cash receipts journal, cash disbursements journal, client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, cancelled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.

viii. Respondent shall timely file all required state and federal tax returns, including individual income and employer withholding returns, and timely pay or make appropriate arrangements to pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, her compliance with filing and payment requirements, Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extension and proof of approval of such applications. Respondent shall provide all of the documents and information required in this subparagraph without specific reminder or request.

ix. Respondent shall execute authorizations requested by the Director as the Director deems necessary to determine compliance with subparagraph viii. above,

IT IS HEREBY ORDERED that respondent Lori A. Johnson is suspended from the practice of law for 4 months with any reinstatement conditioned on the agreed to terms set out above and that she then be placed on 2 years' supervised probation on the conditions set out above. The Director is awarded $900 plus interest and disbursements as agreed to.

BY THE COURT:

/s/ A.M. Sandy Keith
A.M. (Sandy) Keith
Chief Justice