In Re Petition for DISCIPLINARY ACTION AGAINST Louis B. OBERHAUSER, Jr., an Attorney at Law of the State of Minnesota.

No. C1–97–629.

Supreme Court of Minnesota.

July 2, 1998.

Michael J. Hoover, Minneapolis, for Appellant.

Edward J. Cleary, Director, Eric T. Cooperstein, Asst. Director, Office of Lawyers Professional Resp., St. Paul, for Respondent.

Heard, considered, and decided by the court en banc.

OPINION

PER CURIAM.

Louis B. Oberhauser, Jr., was admitted to practice law in Minnesota on May 16, 1961. His disciplinary history includes a June 22, 1988, admonition for failing to promptly transfer his clients' file to their new attorney; a two-year private probation issued on August 11, 1988, for client neglect; a December 2, 1993, public reprimand for obtaining payment for release of an invalid lien; and, finally, a March 2, 1995, admonition for failing to respond to multiple discovery requests. This current disciplinary action arises from a petition and a supplementary petition for disciplinary action filed by the Director of the Office of Lawyers Professional Responsibility which allege that Oberhauser failed to timely file various state and federal income tax returns between 1992 and 1994, misrepresented his 1991 estimated income tax payments to the State of Minneso-

ta, and failed to cooperate with the Director's request for a signed federal tax information authorization.

On November 14, 1997, a hearing on the petitions was held before the Honorable Warren E. Litynski, acting as referee. The referee subsequently issued findings of fact and conclusions of law[1] and recommended that Oberhauser be suspended from the practice of law for six months; that he comply with Rules 24 and 26 of the Rules on Lawyers Professional Responsibility (RLPR); and that reinstatement be conditioned on compliance with Rule 18, RLPR, and payment of all amounts owing to the Internal Revenue Service and the Minnesota Department of Revenue.

Oberhauser timely ordered a transcript to contest the referee's findings and conclusions; therefore, pursuant to Rule 14(e), RLPR, the referee's findings and conclusions are not conclusive. While challenging certain findings and conclusions, Oberhauser concedes that he engaged in some professional misconduct and that he is subject to discipline. He asks this court to impose a less severe disciplinary sanction than that recommended by the referee.

■ "In general, this court will not reverse the findings and conclusions of the referee in a disciplinary hearing unless they are clearly erroneous."[2] Here, we need not linger long on the referee's factual findings

and conclusions. It is enough to say that they are amply supported by the record and are not clearly erroneous. Further, given the unchallenged findings and conclusions, coupled with Oberhauser's conceded professional misconduct, even if we were to accept Oberhauser's version of the facts, the discipline to be imposed would not be substantially affected.

■ The real issue before the court is the appropriate discipline to be imposed. An attorney's failure to timely file state and federal tax returns is serious misconduct.[3] The purpose of disciplinary sanctions is to protect the public, guard the administration of justice, and deter future misconduct.[4] The need to guard the administration of justice and to deter future misconduct is as important in cases involving the failure to timely file state and federal taxes as it is in other cases. Great weight is given to the referee's recommendation for discipline; however, this court retains final responsibility for determining the appropriate sanction.[5] When imposing discipline, we strive for consistency;[6] in addition, we also consider the attorney's disciplinary history.[7]

In this case, the referee has recommended that Oberhauser be suspended for six months. Cases presenting similar, although not identical, professional misconduct include *In re De Rycke,*[8] *In re Johnson,*[9] *In re*

---

1. Specifically, the referee concluded that Oberhauser's: (1) conduct in misrepresenting his 1991 estimated tax payments to the State of Minnesota and failure, upon inquiry, to acknowledge his misrepresentations violated Minn. R. Prof. Conduct 8.4(c); (2) conduct in backdating his 1993 state tax return violated Minn. R. Prof. Conduct 8.4(c); (3) conduct in misrepresenting facts to the IRS and the Director violated Minn. R. Prof. Conduct 8.4(c); (4) conduct in failing to timely file his 1992 and 1993 federal and state tax returns violated Minn. R. Prof. Conduct 8.4(c); (5) filing of his 1994 state tax return was timely and did not violate any rule of professional responsibility; and (6) conduct in giving false information to the Director constituted a failure of cooperation in violation of Minn. R. Prof. Conduct 8.1(a)(3) and 8.4(d).

2. *In re Reiter,* 567 N.W.2d 699, 701 (Minn.1997) (citation omitted).

3. *In re Bunker,* 294 Minn. 47, 199 N.W.2d 628 (1972); *In re Chrysler,* 434 N.W.2d 668 (Minn. 1989).

4. *In re Isaacs,* 451 N.W.2d 209, 211 (Minn.1990).

5. *In re Simonson,* 420 N.W.2d 903, 906 (Minn. 1988).

6. *In re Jensen,* 542 N.W.2d 627, 633 (Minn.1996); *In re Sigler,* 512 N.W.2d 899, 901 (Minn.1994).

7. *In re Getty,* 452 N.W.2d 694, 698 (Minn.1990).

8. 577 N.W.2d 922 (Minn.1998) (imposing 90-day suspension for attorney who, *inter alia,* failed to pay and timely file state and federal individual income taxes, as well as failed to pay and timely file federal employer quarterly withholding returns).

9. 572 N.W.2d 56 (Minn.1998) (imposing 4-month suspension for attorney who failed to timely file state and federal income taxes over a

 

*Thedens,*[10] and *In re Gurstel.*[11] Based on the discipline imposed in these cases, our review of the record here, and Oberhauser's disciplinary history, we conclude that Oberhauser has engaged in professional misconduct warranting a 90-day suspension from the practice of law.

Therefore, we order:

1. That Louis B. Oberhauser, Jr., is hereby suspended from the practice of law for 90 days, commencing 14 days from the date of this order;

2. That he comply with the requirements of Rule 26, RLPR;

3. That he shall pay to the Director the sum of $900 in costs and disbursements pursuant to Rule 24, RLPR;

4. That, if and when he seeks reinstatement, he may do so pursuant to Rule 18(f), RLPR, provided that he has shown the Director that he has timely filed and paid all state and federal income taxes;

5. That, following reinstatement, he shall be on unsupervised probation for a period of two years subject to the following conditions:

  a. That he timely file all state and federal income tax returns and pay the taxes when due;

  b. That during the time his probation is in effect, he affirmatively report to the Director, within ten days of the due date of each income tax return, compliance with all filing requirements and, upon request, provide the Director with tax authorizations necessary for the Director to obtain verification from state and federal authorities that his income tax returns have been filed and the taxes have been paid;

  c. That he abide at all times by the Minnesota Rules of Professional Conduct; and

6. That he take and pass the professional responsibility portion of the Minnesota Bar Examination within one year of the date of this order.

So ordered.

---

6-year period, failed to timely file and pay employer withholding taxes over a 3-year period, as well as engaged in numerous other instances of professional misconduct).

10. 557 N.W.2d 344, 348 (Minn.1997) (imposing 6-month suspension for attorney who failed to report $148,483 taxable event to the Minnesota Department of Revenue resulting in a civil fraud penalty, neglected a client matter and failed to cooperate with the Director's investigation).

11. 540 N.W.2d 838, 842 (Minn.1995) (imposing 60-day suspension for attorney who failed to timely file and pay state and federal employer's withholding tax returns and warning that, in the future, "attorneys who engage in similar professional misconduct should anticipate that * * * the discipline may be more severe than that imposed in this case.").