**In re Petition for DISCIPLINARY ACTION AGAINST Alan G. JONTZ, an Attorney at Law of the State of Minnesota.**

**No. C7–98–1035.**

Supreme Court of Minnesota.

April 8, 1999.

---

Edward J. Cleary, Director, Betty M. Shaw, Senior Asst. Director, Office of Lawyer's Professional Responsibility, St. Paul, for appellant.

Edward F. Kautzer, Ruvelson & Kautzer, Jack D. Nelson, St. Paul, for respondent.

## OPINION

PER CURIAM.

■ The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action against respondent Alan G. Jontz alleging that Jontz failed to timely file federal and state income tax returns, federal and state employer withholding tax returns, and to pay those taxes when due. After a hearing, the referee appointed to hear this matter found that Jontz's conduct violated Rules 8.4(b) and (d) of the Minnesota Rules of Professional Conduct (MRPC). Based on that misconduct and Jontz's disciplinary history, the referee recommended that Jontz be indefinitely suspended from the practice of law for a minimum period of 12 months. The Director seeks a minimum 18–month suspension.

Jontz was admitted to the practice of law in Minnesota on October 20, 1972, and began working as a sole practitioner in 1978. Jontz's disciplinary history indicates that he has been subject to private discipline on eight previous occasions. In 1979, Jontz accepted an amended warning for neglecting a probate matter, filing an erroneous final account, failing to promptly deposit money into a trust account, and attempting to charge an excessive fee. In 1982, disciplinary proceedings and charges of unprofessional conduct were held in abeyance subject to Jontz's compliance with a 2–year private probation for failing to maintain proper books and records resulting in trust account shortages, issuing checks without sufficient funds, engaging in a conflict of interest, and neglecting a legal matter.

On January 27, 1989, Jontz was placed on private probation for failing to timely file tax returns and pay taxes when due, and for failing to provide full disclosure upon entering into a business transaction with a client. On April 4, 1989, Jontz received an admonition for failing to pay a valid judgment against him. On October 9, 1989, Jontz was admonished for neglect, failure to return phone calls, and failure to provide requested documents.

On April 12, 1993, Jontz was again placed on probation, this time for 18 months, for failing to pay a valid law-related judgment, failing to pay a court reporter's bill, and failing to provide written responses to complaints filed with the Director's Office. One of the conditions of this probation was that Jontz agreed "to promptly remit payments or

make arrangements for payment on all law-related invoices." In 1994, Jontz was issued another admonition for failing to timely pay a law-related invoice.

Finally, in 1995, Jontz was placed on private probation for failing to pay one of the law-related debts relating to the April 1993 probation, and making representations to his probation supervisor and the Director's Office regarding the status of the payment of this debt. The term of this final probation was two years or until Jontz had satisfied these debts. Jontz failed to satisfy these debts within the 2–year probation period.

The current disciplinary matter arises out of Jontz's failure to timely file his 1991, 1994, and 1996 federal income tax returns, his failure to timely file federal employer withholding returns for at least 15 quarters between June 1992 and June 1997, and his failure to timely pay the taxes due on his federal employer withholding returns for at least 17 quarters between June 1992 and June 1997. At the time of Jontz's disciplinary hearing, the total unpaid federal withholding tax obligation, including interest and penalties, was $39,269.17, of which the Internal Revenue Service (IRS) has determined $14,360.76 to be uncollectible.

Jontz also failed to timely file state income tax returns for 1991, 1994, 1995, and 1996, and state employer withholding returns for 18 quarters between 1992 and 1997. Jontz failed to timely pay the taxes due on the state employer withholding returns for at least 13 quarters between 1994 and 1997. In 1993, 1994 and 1995, Jontz entered into payment agreements with the Minnesota Department of Revenue (MDOR) and defaulted on each successive agreement. Just prior to his disciplinary hearing, Jontz paid all of his outstanding state employer withholding taxes.

Based on the evidence presented at Jontz's disciplinary hearing, the referee concluded that: (1) Jontz knowingly and intentionally failed to timely file his personal federal and state income tax returns in violation of Rules 8.4(b) and (d) of the MRPC; (2) Jontz knowingly and intentionally failed to timely file his federal and state employer withholding tax returns in violation of Rules 8.4(b) and (d) of the MRPC; (3) Jontz's financial difficulties, disciplinary board cooperation, repayment of debt, and limited *pro bono* work do not substantially mitigate his current misconduct; and (4) Jontz's extensive disciplinary history constitutes a significant aggravating factor. The referee then recommended an indefinite suspension for a minimum of 12 months with reinstatement conditioned on payment of all taxes, compliance with Rule 18 of the Rules on Lawyers Professional Responsibility, and compliance with all income tax filing requirements.

We will uphold a referee's findings and conclusions in attorney discipline proceedings unless clearly erroneous.[1] While we place great weight on the disciplinary recommendations made by the referee, the final responsibility for determining appropriate discipline rests solely with this court.[2] The purpose of attorney discipline is not to punish the attorney, but rather to protect the courts, the public, and the legal profession, as well as to guard the administration of justice.[3] In determining the appropriate discipline, we consider the nature of the misconduct, the cumulative weight of the rule violations, the harm to the public, and the harm to the legal profession.[4] In this case, we conclude that the record supports the referee's findings and conclusions. Thus, the only issue for us to resolve is the appropriate discipline to be imposed.

The failure to timely file federal and state income or employer withholding tax returns and pay those taxes when due is serious misconduct. In the past we have imposed suspensions for such failures ranging from 30 days to 24 months depending on the severity of the offense, the other misconduct involved, and the attorney's past disciplinary history.[5]

---

1. *In re Gurstel*, 540 N.W.2d 838, 840 (Minn.1995) (citing *In re Pyles*, 421 N.W.2d 321, 325 (Minn. 1988)).

2. *See In re Schmidt*, 402 N.W.2d 544, 545 (Minn. 1987).

3. *See In re Madsen*, 426 N.W.2d 434, 435–36 (Minn.1988) (citing *In re Peck*, 302 N.W.2d 356, 359 (Minn.1981)).

4. *Id.* at 436 (citing *In re Franke*, 345 N.W.2d 224, 228 (Minn.1984)).

5. *Compare In re Bolen*, 416 N.W.2d 449, 450

In *In re Gurstel*, the referee found that the attorney had failed to timely file federal and state employer withholding tax returns, and had failed to timely. pay those taxes when due in violation of Rules 8.4(b) and (d) of the MRPC.[6] At the time of this misconduct, the attorney was on probation for various trust account violations and for misrepresentations to a client concerning a collection matter.[7] We concluded that the attorney's misconduct warranted a 60–day suspension and a 2–year probation wherein he would be required to timely file all tax returns, pay all taxes when due, and to submit each tax return to the Director.[8] We noted that "for violations occurring hereafter, attorneys who engage in similar professional misconduct should anticipate that, when disciplinary action is taken, the discipline may be more severe than that imposed in this case."[9]

Since our decision in *Gurstel*, we have imposed a 60–day suspension on an attorney who failed to timely file and pay federal and state income and employer withholding taxes and who engaged in misconduct involving client trust funds and failure to communicate with clients;[10] a 90–day suspension on an attorney who misrepresented estimated income tax payments to the state and who failed, upon inquiry, to acknowledge the misrepresentations or the backdating of a state tax return, and who also failed to timely file federal and state tax returns;[11] a 4–month suspension on an attorney who failed to timely file federal and state income and employer withholding tax returns and pay the taxes due thereon, and who also failed to maintain proper trust account books and records, commingled client and personal funds, and failed to cooperate with the Director's Office;[12] and a 2–year indefinite suspension on an attorney who, while on unsupervised probation for failure to file federal and state income and employer withholding tax returns, failed to comply with other conditions of probation, and who failed to maintain proper trust account records, to account for client funds, and to cooperate with the Director's disciplinary investigation.[13]

Based on the discipline imposed in the above cases, we conclude that the appropriate discipline for Jontz's misconduct is a 24–month suspension. All but the first 60 days of the 24–month suspension shall be stayed. In addition, we place Jontz on supervised probation for a period of three years commencing at the end of the 24–month suspension period. Finally, we impose conditions on both the stayed suspension period and the probation period as set out below. Accordingly, we order:

1. That respondent, Alan G. Jontz, is hereby suspended from the practice of law for a period of 24 months with all but 60 days of the suspension period stayed. Jontz's suspension shall commence 14 days from the date of this order;

2. That respondent shall automatically be reinstated after 60 days provided respondent is current with all federal and state income tax and employer withholding tax filing and payment obligations as set forth below. Upon reinstatement, respondent shall be supervised during the remainder of the stayed suspension period. Following reinstatement, respondent shall be on supervised probation for a period of three years;

3. If respondent violates any of the conditions of this order before the expiration of the 24–month suspension period, he will be subject to immediate and automatic revocation of the stay of the suspension and the period of the suspension that was not stayed shall be imposed. If respondent, after serving the remainder

(Minn.1987) (30–day suspension), *with In re Singer*, 541 N.W.2d 313, 316 (Minn.1996) (24–month suspension).

**6.** 540 N.W.2d at 839.

**7.** *Id.*

**8.** *Id.* at 843.

**9.** *Id.* at 842–43.

**10.** *In re Westby*, 572 N.W.2d 278, 281 (Minn. 1997).

**11.** *In re Oberhauser*, 581 N.W.2d 309, 311 (Minn. 1998).

**12.** *In re Johnson*, 572 N.W.2d 56, 57 (Minn. 1998).

**13.** *Singer*, 541 N.W.2d at 316.

of the suspension period, seeks reinstatement, reinstatement shall be pursuant to Rule 18, Rules on Lawyers Professional Responsibility;

4. During both the stayed suspension period and the probation period, respondent shall be subject to the following conditions:

a. That respondent shall abide at all times by the Minnesota Rules of Professional Conduct;

b. That respondent shall timely file all federal and state income tax returns and all federal and state employer withholding tax returns and pay all taxes when due. This condition requires respondent to comply with all payment agreements with the IRS or the MDOR. If respondent has outstanding federal or state income or employer withholding tax liabilities and has not entered into such agreements, he shall enter into agreements satisfactory to the IRS and the MDOR for the payment of any unpaid federal or state income and employer withholding taxes. Respondent shall provide to the Director copies of all payment agreements and proof that he is in compliance with the agreements. If agreements with the IRS and the MDOR are not reached despite diligent efforts by respondent, respondent shall report to the Director concerning his progress in reaching such agreements. Such reports shall continue on a monthly basis until written agreements have been signed by the IRS and the MDOR;

c. That during the 24–month suspension period and his 3–year probation, respondent shall affirmatively report to the Director, within ten days of the due date of each federal and state income tax return and each federal and state employer's withholding tax return, his compliance with all filing and payment requirements and, upon request, provide the Director with any authorizations necessary for the Director to obtain verification from federal and state tax authorities that his income tax returns and employer withholding tax returns have been timely filed and the taxes paid. Respondent shall also provide the Director copies of all applications for filing extensions and proof of approval of such applications;

d. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this order. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor before reinstatement to the practice of law. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor;

e. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this order. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other intervals as may reasonably be requested by the Director;

5. That respondent comply with the requirements of Rule 26, Rules on Lawyers Professional Responsibility; and

6. That Respondent pay to the Director the sum of $900 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

So ordered.