2013 ND 250

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Brian T. HARDWICK, A Member of the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Brian T. Hardwick, Respondent.

Nos. 20130288, 20130289.

Supreme Court of North Dakota.

Dec. 23, 2013.

DISCIPLINE ORDERED.

PER CURIAM.

[¶ 1] The Court has before it Findings, Conclusions and Recommendations by the Hearing Panel of the Disciplinary Board recommending Brian T. Hardwick be suspended from the practice of law in North Dakota for 60 days, with the suspension stayed, and Hardwick placed on probation for one year. The hearing panel also recommended Hardwick refund $120 in unearned fees to a client within 30 days and comply with this Court's prior orders. We accept the findings, conclusions, and recommendations by the hearing panel. We suspend Hardwick from the practice of law for 60 days with the suspension stayed, place Hardwick on probation for one year, and order him to pay costs of the disciplinary proceeding.

[¶ 2] Hardwick was admitted to practice law in North Dakota on June 27, 2011. On March 13, 2013, and as amended May 10, 2013, this Court entered an order denying Disciplinary Counsel's request to interim suspend Hardwick but imposing the following conditions:

1. Hardwick shall immediately modify his lawyer trust account at Wells Fargo Bank in Grand Forks, North Dakota, such that Dwain E. Fagerlund, a licensed North Dakota attorney, is the sole person authorized to make deposits or write checks on that account;

2. Hardwick shall immediately close his operating account at Citizen's

State Bank in Roseau, Minnesota, open an operating account at Wells Fargo Bank in Grand Forks, North Dakota, and transfer all funds from the Citizen's State Bank operating account to the Wells Fargo operating account, with Dwain E. Fagerlund, as the sole person authorized to make deposits or write checks on that account;

3. Dwain E. Fagerlund must file quarterly reports with the Supreme Court and Disciplinary Counsel setting forth that he and Hardwick have followed the conditions imposed; and

4. Dwain E. Fagerlund must immediately notify the Supreme Court and Disciplinary Counsel if any new financial irregularity involving or connected with Hardwick is discovered.

[¶ 3] Hardwick was served with a Summons and Petition for Discipline on January 7, 2013. He submitted a response to the Petition for Discipline dated February 26, 2013. Disciplinary Counsel, Hardwick's counsel, and Hardwick entered into a Stipulation and Consent to Discipline. The hearing panel of the Disciplinary Board filed its Findings, Conclusions and Recommendations by the Hearing Panel with this Court on September 18, 2013.

[¶ 4] In the Stipulation and Consent to Discipline, Hardwick admitted the following facts, which were adopted by the hearing panel. In 2008, Hardwick was appointed to represent Sandra Hough in Roseau County, Minnesota. At the time, he practiced primarily in Minnesota as Brian T. Hardwick, P.A. Hardwick continued to represent Hough through July 2012.

[¶ 5] In July 2011, Hardwick began employment as an associate with the law firm of Rosenquist & Arnason, PLLP in Grand Forks, North Dakota, and continued to represent Hough under a contract with Roseau County, Minnesota. On or about July 7, 2012, Rosenquist & Arnason forwarded an invoice to Roseau County for payment of $1,671.68 due for legal services performed and expenses incurred on behalf Hough.

[¶ 6] A warrant check in the amount of $1,671.68 erroneously made payable to Brian T. Hardwick, P.A. was sent to the law firm of Rosenquist & Arnason. Hardwick does not know how, but the warrant check appeared on his desk at Rosenquist & Arnason. Hardwick admitted that he wrongfully endorsed the back of the check and deposited the funds into his own account. Shortly thereafter, Rosenquist & Arnason made efforts to determine what happened to the payment and became aware from contacts with Roseau County that the check had been endorsed by Hardwick.

[¶ 7] On or about August 18, 2012, Hardwick admitted to Rosenquist & Arnason that he had taken the $1,671.68 and promised to repay that amount to the firm. Nevertheless, he was terminated from his employment on August 18, 2012. Within a week, he repaid $1,671.68 to Rosenquist & Arnason.

[¶ 8] Hardwick failed to pay his license fee for 2013 on a timely basis; therefore, his license to practice law in North Dakota expired on December 31, 2012. On January 4, 2013, he mailed a check to the State Board of Law Examiners, but the check was not received until March 4, 2013. As a result, Hardwick did not have a valid license to practice law in North Dakota when he was scheduled to appear in a criminal matter in Walsh County entitled State Boothman on January 9, 2013. The district court judge verified his license status with the State Board of Law Examiners and ruled that Hardwick could not appear on behalf of his client. Hardwick

admitted he held himself out as licensed to practice law, because he had a good faith belief that his January 4th check would have been received by the State Board of Law Examiners by January 9, 2013. He admitted he unintentionally violated N.D.R. Prof. Conduct 5.5, even though he was not allowed to appear on behalf of his client.

[¶ 9]   On December 17, 2012, Doris Emler, Scott Boothman, and Hardwick entered into a written fee agreement for the above criminal matter.  The fee agreement provided for a total fee of $3,500 with an immediate payment of $2,000.  The fee was paid by Emler on December 14, 2012. During the representation, Hardwick's license to practice law expired.  Of the approximately 19.8 hours Hardwick spent representing Boothman, 9.4 hours were expended prior to the Hardwick's license to practice law expiring.  At a rate of $200 per hour, Hardwick earned $1,880 of the $2,000 paid by Elmer, leaving $120 unearned.  Hardwick admitted that, under *Ranta v. McCarney*, 391 N.W.2d 161 (N.D. 1986), he cannot collect a fee for legal services performed during the time his license was expired.  Hardwick also admitted that, under *Disciplinary Board v. Hoffman*, 2013 ND 137, 834 N.W.2d 636, he was required to refund unearned fees upon termination of representation. Hardwick agreed to refund $120 in unearned fees to Emler.  Hardwick admitted he did not adequately communicate with Emler and Boothman about his license status.

[¶ 10]   The hearing panel concluded Hardwick violated *N.D.R. Lawyer Discipl. 1.2(A)(3)*, Grounds For Discipline and *N.D.R. Prof. Conduct 8.4(c)*, Misconduct, regarding engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation that reflects adversely on the lawyer's fitness as a lawyer; *N.D.R. Prof.*

*Conduct 1.4(a)*, Communication, providing that a lawyer shall make reasonable efforts to keep the client informed about the status of the matter, in that Hardwick failed to communicate with Elmer and Boothman about his license status; *N.D.R. Prof. Conduct 1.15(d)*, Safekeeping Property, providing that upon receiving, in connection with a representation, funds, or other property in which a third person has an interest, a lawyer shall promptly notify the third person and shall promptly deliver to the third person any funds or other property the third person is entitled to receive; *N.D.R. Prof. Conduct 1.16(e)*, Declining or Terminating Representation, providing that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as refunding any advance payment of fee or expense that has not been earned or incurred, in that Hardwick failed to refund unearned potions of Emler's $2,000 payment; and *N.D.R. Prof. Conduct 5.5(a)*, Unauthorized Practice of Law, providing lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.

[¶ 11]   Hardwick agreed, and the hearing panel recommended, that as a sanction for violation of the Rules of Professional Conduct:

1. Hardwick be suspended from the practice of law for 60 days, with the suspension stayed and Hardwick placed on probation for one year. The conditions of probation would be the following:

   A. Hardwick must have no further disciplinary complaints found to be meritorious during the period of probation.

   B. Hardwick must comply with all terms and conditions in our March 13, 2013 Order, as amend-

ed May 10, 2013, in our Order of Amendment.

C. Hardwick must refund $120 in unearned fees to Doris Emler within 30 days.

If the conditions of probation are violated, Hardwick will be subject to revocation of probation, lifting of the stay, and active suspension from the practice of law for 60 days, without credit for any probationary period served.

2. Hardwick must pay costs and expenses of the disciplinary action in the amount of $500 within 30 days.

3. Hardwick must file with the Clerk of the Supreme Court and serve upon Assistant Disciplinary Counsel an affidavit stating that he has fully complied with the requirements of this order at the end of the period of probation.

[¶ 12] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the stipulation, consent to discipline and recommendations by the hearing panel were due within 20 days of the service of the report of the hearing panel. No objections were received, and the matter was submitted to the Court for consideration. The Court considered the matter, and

[¶ 13] **ORDERED,** that the findings, conclusions, and recommendations of the hearing panel are adopted.

[¶ 14] **IT IS FURTHER ORDERED,** Hardwick be suspended from the practice of law for 60 days, with the suspension stayed, and Hardwick be placed on probation for one year. The conditions of probation are the following:

A. Hardwick must have no further disciplinary complaints found to be meritorious during the period of probation.

B. Hardwick must comply with all terms and conditions in our March 13, 2013 Order, as amended May 10, 2013, in our Order of Amendment.

C. Hardwick must refund $120 in unearned fees to Doris Emler within 30 days.

If the conditions of probation are violated, Hardwick will be subject to revocation of probation, lifting of the stay, and active suspension from the practice of law for 60 days, without credit for any probationary period served.

[¶ 15] **IT IS FURTHER ORDERED,** Hardwick must file with the Clerk of the Supreme Court and serve upon Assistant Disciplinary Counsel an affidavit stating that he has fully complied with the requirements of this order at the end of the period of probation.

[¶ 16] **IT IS FURTHER ORDERED,** that Hardwick must pay the costs and expenses of these disciplinary proceedings in the amount of $500 within 30 days of the entry of judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505–0530.

[¶ 17] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.