In re Petition for DISCIPLINARY ACTION AGAINST Brian T. HARDWICK, a Minnesota Attorney, Registration No. 41208.

No. A14–0273.

Supreme Court of Minnesota.

June 11, 2014.

### AMENDED ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action seeking reciprocal discipline under Rule 12(d), Rules on Lawyers Professional Responsibility (RLPR), based on an opinion of the North Dakota Supreme Court suspending respondent Brian T. Hardwick for 60 days, staying that suspension, and placing him on probation for 1 year. *In re Hardwick,* 841 N.W.2d 427, 429–30 (N.D.2013). The North Dakota suspension was based on respondent misappropriating $1,671 in law firm funds, practicing law while fee-suspended, collecting attorney fees for work performed while fee-suspended, and failing to adequately communicate with a client, in violation of Rules 1.4(a), 1.15(d), 1.16(e), 5.5(a), and 8.4(c) of the North Dakota Rules of Professional Conduct. *In re Hardwick,* 841 N.W.2d at 429.

The Director and respondent have entered into a stipulation in which respondent admits the allegations in the petition for disciplinary action and waives his rights under Rule 12(d), RLPR. The parties jointly recommend that the appropriate discipline is a 60–day, stayed suspension and 1 year of probation.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent Brian T. Hardwick is suspended from the practice of law for a minimum of 60 days and placed on probation for 1 year;

2. Respondent's suspension is stayed subject to his compliance with the following conditions of his probation:

   a. Respondent shall have no further disciplinary complaints found to be meritorious during the period of probation;

   b. Respondent shall refund $120 in unearned fees to Doris Emler;

   c. Respondent shall comply with the Minnesota Rules of Professional Conduct; and

   d. Respondent shall comply with all the terms and conditions of the North Dakota Supreme Court's March 13, 2013, order, as amended on May 10, 2013, in respondent's North Dakota disciplinary proceeding;

3. If respondent violates the conditions of his probation, he will be subject to revocation of probation, lifting of the stay, and active suspension from the practice of

law for 60 days, without credit for any probationary period served; and

4. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/ Alan C. Page
Associate Justice

LILLEHAUG, Justice (dissenting).

Because attorney Brian T. Hardwick's conduct warrants a suspension that is not stayed, I respectfully dissent.

Upon stipulation, the North Dakota Supreme Court suspended Hardwick from the practice of law in North Dakota for 60 days, but stayed the suspension. *In re Hardwick,* 841 N.W.2d 427, 429–30 (N.D. 2013). Now Hardwick and the Director of the Office of Lawyers Professional Responsibility join in recommending that this court impose reciprocal discipline, including the identical stayed suspension.

In the stipulation before us, Hardwick admits unconditionally that he violated Minn. R. Prof. Conduct 1.4(a) (failing to communicate with a client), 1.15(c)(1) and (4) (not properly safekeeping property in which a third person has an interest), 1.16(d) (failing to return unearned advanced fees), 5.5(a) (unauthorized practice of law), and 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). The Rule 8.4(c) violation arises out of Hardwick's diversion of funds from his employer, a North Dakota law firm, but there is a significant Minnesota connection.

Hardwick was appointed to represent a party in Roseau County, in our Ninth Judicial District, with the representation to be at Roseau County's expense. The County issued a check for $1,671.68 payable to Brian T. Hardwick, P.A., instead of to Hardwick's employer. Hardwick wrongfully endorsed the check and deposited the funds into his own account at a Roseau

bank. This was misappropriation, plain and simple, and Hardwick admits it.

Usually this court suspends or disbars attorneys for misappropriation. When a lawyer misappropriates funds from a law firm, this court typically imposes at least a 30–day suspension. *See, e.g., In re Flores,* 681 N.W.2d 20, 20–21 (Minn.2004) (ordering a 30–day suspension for an attorney who misappropriated $1,000 in client fees from her law firm and made false statements to the Director); *In re Eskola,* 668 N.W.2d 424, 424 (Minn.2003) (ordering a 30–day suspension for an attorney who misappropriated approximately $16,000 in client fees from his law firm); *In re McFarland,* 652 N.W.2d 536, 536 (Minn. 2002) (ordering a 30–day suspension for an attorney who misappropriated approximately $25,000 in client fees from his law firm).

Rule 12(d), Rules on Lawyers Professional Responsibility, allows this court to impose reciprocal discipline without further proceedings "unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota." I fully understand that the test is not whether this court might have imposed different discipline than the other jurisdiction; the test is whether the other jurisdiction's discipline is unjust or substantially different from discipline warranted in our state.

While I respect the judgments of the court of our sister state, this court remains the "sole arbiter" of the discipline to be imposed for professional misconduct by Minnesota lawyers. *In re Singer,* 541 N.W.2d 313, 315 (Minn.1996). In my view, a stayed suspension is substantially different from the discipline that is warranted in Minnesota.

Misappropriation of money from one's law firm is a serious offense. There is a substantial difference between a stayed

suspension and an actual suspension. Here, a stayed suspension for Hardwick's misappropriation does not fulfill our responsibility "to protect the public, to protect the judicial system, and to deter future misconduct by the disciplined attorney as well as by other attorneys." *In re Oberhauser*, 679 N.W.2d 153, 159 (Minn.2004).

Accordingly, this court should have imposed a suspension from the practice of law in Minnesota of at least 30 days.

WRIGHT, Justice (dissenting).

I join in the dissent of Justice Lillehaug.